Judge Green
delivered the opinion of the Court.*
This was an action by a physician against the father, for the recovery of a compensation for medical attendance upon an infant son. After the plaintiff gave evidence of his attendance, without any proof, as far as appears, that the attendance was at the instance of the father, the defendant proved that his son was, at the time of the plaintiff’s service rendered, an apprentice, and resided at his master’s house; and produced the indentures of apprenticeship, by which the master covenanted “ to furnish for the said William Easley, (the apprentice,) good and wholesome diet and lodging, and also to clothe him with good and suitable apparel; and furthermore, to use the said William Easley with as much moderation and lenity, as is consistent with the duties required of him, and in all things generally to do and perform whatsoever is just and right towards the said William Easley, so far as his the said Williams’s capacity and ability will enable him;” and moved the Court to instruct the jury, that by the said covenant and indenture, the said S. B. Williams, the master, was bound to provide medical assistance to the said William B. Easley, and that therefore this action could not be maintained against the defendant: which instruction was given.
I incline to think that the terms of the covenant had not the effect attributed to them by the Court; certainly not, unless the duty to provide medical assistance for the apprentice, devolved by law upon the master, by virtue of the "relation of master and apprentice; and if so, whether the performance of that duty was secured by the covenant or not, was unimportant in this cause. The duty, whether implied by law or stipulated by the contract, would have the same effect upon the rights of the parties in the suit. If, therefore, it was the duty of the master, resulting *426 from the relation of master and apprentice, to provide medical attendance, the instruction of the Court was substantially right, whether that duty was provided for in the covenant or not, so far as it went to affirm the existence of that obligation.
It seems to be settled in England, that the master is not bound to provide medical assistance for a hired servant, unless he stipulates for it in the contract of hiring; although the contrary was holden by Lord Kenyon, Seaman v. Castel, 1 Esp. Ni. Pri. Cas. 270; Wennell v. Abney, 3 Bos. & Pull. 247; and this doctrine appears to be well founded. The wages paid by the master in such case, are the means of providing for the servant whatever he may want, which'the master has not stipulated in terms to furnish; and if the servant should, during his service, acquire any thing by his labour for any other, the master would not be entitled to it. The only remedy of the master would be against the servant himself, if he had been injured by the servant’s labouring for another, unless that other had seduced the servant from the master’s service.
But, the case of an apprentice is different. He receives no compensation from the master, except his maintenance and education; and his whole labour and capacity belong so completely to the master, that any thing which he earns during his apprenticeship is due to the master directly, although the master is not privy or assenting to his earning it. As, if an apprentice runs-away and joins a privateer; his share of prize money is due to the master. 3 Vin. Abr. 21, pl. 8. 15 Vin. Abr. 326, pl. 1. Ib. 327, pl. 4. Meriton v. Hornsby, 1 Ves. 48. Hill v. Allen, 1 Ves. 83. As to the maintenance and care of the infant apprentice, the master seems to be placed in loco parentis, and subject to the same obligations as a father. If the apprentice becomes disabled by an incurable disease, the master is still bound to maintain him. 1 Slrunge, 99. The assumpsit implied in this case, from the mere fact of rendering the medical service, rested upon the master, and not upon the *427 father. But, if the service had been rendered at the instance of the father, and upon his credit, he would have been responsible to the plaintiff, notwithstanding the legal obligation of the master.
The Court was therefore right in instructing the jury, that the master was bound to provide medical assistance for the apprentice; but it did not follow, as they determined, that the action could not be maintained. The instruction should "have been, that it could not be maintained, unless the services were proved to have been rendered at the instance of the defendant. The judgment of the Superior Court, reversing that of the County Court, is therefore right, and to be affirmed.

 Tlie Pbbsibest and Judge Coaeter absent.