SAMUELS, J.
This cause is brought here by supersedeas to a judgment of the Circuit court of Monroe county, rendered upon a special verdict in an action of ejectment, wherein the defendant was here plaintiff, and the plaintiffs here were defendants.
The finding of the jury shows this case : John Thompson was seized in fee of the land in controversy, and departed this life in June 1823. He left seven children, and several grand children the issue of two sons, who had died in the life time of their father; the lessors of the plaintiff are some of the children and grand children of the deceased claiming as heirs, *and others claiming by purchase from others of the heirs.
The defendants below also claim ti tie as derived from John Thompson deceased. It appears that after the death of the ancestor in June 1823, and before August 29th of that year, Samuel Thompson, one of his sons and heirs at law, entered upon the land in controversy, claiming that his father had left a will wherein he devised the land in controversy to said Samuel for life, remainder to said Samuel’s wife for life, remainder in fee to John Thompson and William Thompson, the sons of said Samuel. This alleged will was not found after John Thompson’s death. Samuel Thompson, however, having taken possession of the land at some time after his father’s death in June 1823, and before the 29th of August of that year, on the day last named instituted a suit in chancery in the District court of chancery holden at Eewisburg, alleging the due making of the will devising the land to the complainant, his wife and sons as above stated; that the will was in force at testator’s death; that it could not be found; and praying that the whole will, or so much of it as devised theland to complainant, his wife and sons, might be established. To this bill the heirs at law of John Thompson were made defendants, and served with process to answer. Under this color or claim of title Samuel Thompson took and held the exclusive possession of the land during his life. After his death the parties claiming under the will, successively took and held the land for their own use, to the exclusion of John Thompson’s other heirs at law. The title thus claimed has been transmitted by intermediate alienations, until equal moieties of the land vested in the parties Caperton and Tiffany respectively, who are the plaintiffs here, and who were in possession at the time of bringing this suit, using and enjoying the property as their own.
*The entry and possession of Samuel Thompson must, under the circumstances, be held to have been adverse to the other heirs at law of his father John Thompson. A will, although not admitted to probat, is a valid will of land. Bagwell v. Elliott, 2 Rand. 190: And the record shows that Samuel Thompson had reason to insist on his claim under the alleged will. The exclusive use and enjoyment of the property in the hands of the several and successive holders, accompanied with a denial of all right in the parties now claiming as coparceners, from 1823 to 1848, when this suit was brought, is such an adverse possession as is protected by the statute of limitations. See Shanks v. Lancaster, 5 Gratt. 110; Purcell v. Wilson, 4 Gratt. 16.
The defendant must be barred by the stat *244 ute, unless it can be shown that his lessors or some of them are exempt from its operation. The counsel for the defendants here seek to withdraw all the lessors of the plaintiff from the bar of the statute, for several reasons: As that the entry and possession by Samuel Thompson, one of the coparceners, must be regarded as the entry and possession of all the coparceners; and, therefore, the statute did not run. Conceding that the entry and possession by one coparcener enures to the benefit of all in the absence of proof to the contrary, yet when it appears that the coparcener entering and taking possession, claimed the property as his own under color of title; that he took the profits to his own exclusive use, and denied the title of the other coparceners, of all which they had notice; the party so taking and holding is regarded as having disseized his coparceners. See Clymor’s lessee v. Dawkins, 3 How. S. C. R. 674; Ricard v. Williams, 7 Wheat. R. 59; McClung v. Ross, 5 Wheat. R. 11; Purcell v. Wilson, 4 Gratt. 16.
Another reason for which the counsel sought to withdraw all the plaintiff’s lessors from the operation *of the statute, is the fact- that Samuel Thompson, after his entry, filed a bill in chancery against the other heirs at law seeking to establish the alleg'ed will of their common ancestor; that this bill, was pending until the 3rear 1837, when it was dismissed for a failure to give security for costs, which complainants had been required to give.’ The answer is obvious, that the statute commenced running the day Samuel Thompson disseized the other heirs; and the course of the statute would not be arrested by anything occurring subsequently. The further answer is equally obvious, that this cause was decided in a court of common law jurisdiction, which court necessarily decided it upon its own rules and principles, without reference to the principles governing chancery courts. Without doubt, in the absence of any injunction restraining the lessors of the plaintiff from making an entry or from bringing suit, the law court must allow full force to the statute. The chancery suit was not brought for the purpose of acquiring title; that, as was alleged, had been acquired by the will and the death of the testator:.It was brought to establish the evidence of the title. It would be strange if a party in possession of property, claiming it under color of title, should lose the protection of the statute, by making an ineffectual effort to procure evidence to sustain his title.
The defendant here further sought to obviate the effect of the statute by the suit for partition brought in 1844, in which suit an order was made requiring complainants to establish their title by suit at law, under which order this suit was brought. In the view I take of the subject, this suit for partition is wholly without the effect ascribed to it, as, if the statute applied at all, it had run its course before the suit was brought: The adverse entry was-made before the 29th of August 1823; the suit for partition was commenced 21st of March 1844. If the complainants in *the suit for partition had alleged and proved any equitable reason to repel the statute, the chancery court might have given effect to such reason by an appropriate order when directing the suit to be brought for trial of title. No reason of this nature is shown, no such order of the court was made; and the statute is thus left to have the operation which a common law court ascribes to it.
The counsel for the defendants here, if they may not exempt all the lessors from the bar of the statute, yet seek to exempt some of them by bringing them within the proviso in favor of femes covert and infants.
At the time of John Thompson’s death, some of his heirs, that is to sa3', Margaret the wife of Isaac Cole, Elizabeth the wife of Joseph Canterbury, Isabella the wife of Willis Ballard, and Jane the wife of Samuel Gregory, were femes covert. The first named three of these femes still survive, and have continually remained covert since the death of John Thompson; and they unite with their husbands in this suit: Jane Gregory lived until 1832, when she died, leaving issue and leaving her husband Samuel Gregory sutviving; he died in 1833. The issue of Jane Gregory are lessors of the plaintiff in this suit. The title of Canterbury and wife, who unite as lessors of the plaintiff, was divested by the decree of a court of competent jurisdiction, and vested in Nancy Thompson for life; remainder in fee to her sons John and William, under whom the plaintiffs here claim; no recovery, therefore, can be had under this title.
The titles of Cole and wife and Ballard and .wife stand upon a different footing from that of Jane Gregory’s heirs; and must be separately considered. That title descended from John Thompson to the femes when they were covert-baron, in which condition they have hitherto continually remained. Samuel Thompson made his adverse entry upon the land alleged to *have descended, whereof the husbands and wives were jointly seized in right of the wives, thereby putting these parties to their right of entry, and giving them cause of action to recover possession.
The question whether the statute is a bar under such circumstances, has never before occurred in this court; it must, therefore, be decided upon the terms of the statute itself, applied to estates of the nature of this, and claimed by parties in their condition. We must look to the decisions of other courts upon the question.
The statute giving the rule is found in Sess. Acts 1837, p. 11, § 10. The body of. the enactment excludes all rights of entry, by whomsoever held; and creates a bar in seven years. The proviso declares, “that if any person or persons entitled to such writ or writs, to such right or title of entry, as aforesaid, shall be or were under *245 the age of twenty-oneOyears, feme covert, non compos mentis or imprisoned, at the time such right or title accrued or came to them, every such person, and his or her heirs, shall and may, notwithstanding the said seven years are or shall be expired, bring and maintain his or her action, or make his or her entry, within three years after such disabilities removed, or the death of the person so disabled, and not afterwards.”
The body of the statute gives seven years to every party having a right of entry in which to assert the right, and interposes a bar after that time; the proviso gives a further time of three years to parties under disability: this three years to be computed from the removal of the disability. The period, if any, between the end of the seven years and the beginning of the three years, is not, in terms, withdrawn from the operation of the statute.
In regard to an infant, and a person non compos mentis, it has been decided that the right of action exists *continually from its accrual until the end of the time allowed after the disability removed : that suit may be brought by such parties after the end of the time prescribed as a bar, and before the beginning of the time secured by the proviso. However this may be in regard to such persons, a feme covert stands on a different ground. She and her husband are jointly seized in her right; but the husband has also certain interests in the property, and capacity to dispose of such interests, without the concurrence of the wife, and against her consent. He may invest another with seizin by conveying a freehold estate for the joint lives of himself and wife; and if issue be born (Cole and wife had issue), the husband may convey the property for his own life; his estate by the curtesy intervening before that of the heirs of the wife. The husband may moreover subject the freehold estate for the joint lives of himself and wthe, or for his own life in case issue be born, to the payment of his debts. See Clancy on the Rights of Married Women 161; Bac. Abr. Baron & Feme C. 1; Watson v. Watson, 10 Conn. R. 75, 91, Judge Church’s opinion. If the husband may do all this by direct conveyance; if he may thereby deprive himself and wife of a right of entry for their joint lives, I perceive no reason why he may not allow his and her right of entry to pass away by operation of law. This construction of the statute is sustained by Littleton, § 403, and the commentary thereon, 3 Thos. Coke Litt. p. 47; Moore v. Jackson, 4 Wend. R. 58.
I am of opinion that no recovery can be had in this action under the title of Cole and wife, or that of Ballard and wife.
The sixth count in the declaration is upon the demise of Jane Gregory’s heirs; and upon his count only judgment was rendered for the plaintiff by the Circuit court. As already said, Jane Gregory’s title descended to her heirs, and is somewhat different from *those of Cole and wife and Ballard and wife. Mrs. Gregory' was a feme covert at the time her right of entry accrued in 1823; and so continued until her death in 1832. She left her husband surviving, who died in 1833. She also left children her heirs at law, who were infants under the age of twenty-one years at the time of her death, to whom descended her right of entry with capacity to make the entry after the death of the husband. This entry was not made nor suit brought by the heirs within three years after their capacity to do either had accrued to them, nor within the. further time allowed by the act of 1837. The question is thus presented, Whether their right is protected by the proviso?
It is insisted by the counsel for the defendant in error, that the possession of Samuel Thompson and of tho.se holding in succession after him was not adverse to Jane Gregory' at any' time during her life; and as a consequence, she was not under the necessity of relying on the proviso to preserve her rights: that the possession became adverse after her death, and that her heirs are the parties to whom the rights of entry' on the adverse possession for the first time accrued. This position of the counsel, to be of any avail, must be true in all its parts; for if the right of entry accrued to Jane Gregory in her life time, her coverture must be relied on to save the right of entry in her person : her heirs in that case can claim only the benefit secured to them as her heirs. That the possession of Samuel Thompson and others holding after him, was adverse to John Thompson’s other heirs, has, I conceive, been fully shown. Jane Gregory’s right of entry would then be preserved only by her coverture; and her heirs can recover only' by showing an entry, or suit brought within the time allowed to them for these purposes. Is this the full period allowed to parties who are infants “at the time such right or title *accrued or came to them,” or is it only the three years allowed to the heirs of one whose right of entry has once already been protected? 1 think the latter. Jane Gregory’s right of entry, whatever it was, descended at her death to her heirs; her right up to that time was protected by the proviso: her heirs, however, in express terms, are bound, unless they enter within three years, no disability of theirs being protracted. Yet this plain language is to be set at naught, if the counsel be right; the heirs are not to be regarded as heirs succeeding to a limited right of entry, but as infants “at the time such right or title accrued or came to them.” We must take a new departure in the computation of time; we must hold that the heirs do not take the right of entry held by the ancestor, but a renewed and prolonged right, to be transmitted, perchance, io other infant heirs, with a renewed right en- *246 grafted thereon and still further prolonged: and thus onwards indefinitely. Such a construction I regard as at war alike with the letter and purpose of a statute of limitations. Our act of assembly is substantially copied from the statute 21 James 1, ch. 16. The English courts hold that an heir under disability, acquiring a right of entry by descent from an ancestor also under disability, cannot claim the whole time allowed by the statute to a party in whom the right originally vested to make the entrj-, but that the heir may only claim the time secured by the proviso to a party taking derivatively by descent.
An English court acting on established principles, in applying a statute like ours in the case of Jane Gregory’s heirs, would hold that the heirs, notwithstanding their disability of infancy, could enter only within three years after their right of entry accrued. See Doe v. Jesson, 6 East’s R. 80.
Justice McLean, in delivering the opinion of the Supreme court of the United States in Mercer’s lessee v. *Selden, 1 How. S. C. R. at page 55, in regard to the right of Mrs. Swaim’s infant heirs who were alleged to have acquired a right of entry from their mother, a feme covert, saj-s, “They were bound, without regard to their infancy or other disabilities, to bring their action in ten years from the decease of their ancestor. ” This was the construction placed upon the statute of limitations of Virginia existing prior to the act of 1837, and applying at that time throughout the whole state. The act of 1837 prescribes different times of limitation for lands lying west of the Alleghany mountains. The old and the new statutes, however, are identical in all particulars except time, and the territory to which they apply. Thus the decision of the case is directly upon, the question in which Jane Gregory’s heirs are concerned; and is adverse to their pretensions. See also Floyd’s heirs v. Johnson et al., 2 Litt. R. 109, in which the same question is decided in the same way; Moore v. Jackson, 4 Wend. R. 58.
Eollowing these decisions as giving the true meaning of the statute, as well according to its letter, as to its obvious spirit and policy, I am of opinion no recovery can be had under the title asserted by Jane Gregory’s heirs.
Having thus passed upon the title of each one of John Thompson’s heirs, in whose behalf an attempt could be made to exempt them from the statute of limitations, on the facts found in the verdict, and finding the attempt in regard to each without foundation in law, I am of opinion to reverse the judgment of the Circuit court, and to render a judgment for the plaintiffs in error.
MONCURE and LEE, Js., concurred in the opinion of Samuels, J.
Judgment reversed.
INFANTS.
I. Liability in Contract.
II. Liability in Tort.
III. Liability for Crimes.
IV. Competency as a Witness.
V. Suits by and against Infants.
A. Criminal Cases.
B. Civil Cases.
C. Sale of Infants’ Lands.
D. Effect of Decrees on Infants.
E. Waiver by Infants.
P. Statute of Limitations.
G. Powers of a Court of Chancery, Election.
VI. Succession to Infant’s Estate.
VII. Estoppel.
VIII. Commitment to Reformatory.
Cross References.
Infants.—See monographic note on “Guardian and Ward” appended to Barnum v. Frost, 17 Gratt. 398; “Parent and Child”; “Judicial Sales.”
I. LIABILITY IN CONTRACT.
Generally.—The only contract binding on an infant is the implied contract for necessaries; the only act which he is under a legal incapacity to perform is the appointment of an attorney; all other acts and contracts, executed or executory are voidable or confirmable by him at his election. Dictum by Moncure, J., in Mustard v. Wohlford, 15 Gratt. 329; Gillespie v. Bailey, 12 W. Va. 70.
What Are Not Necessaries.—When an infant has acquired a fair education and lives with his mother and step-father, and his only estate consists of a remainder in a 535-acre tract worth $977.55, his stepfather was not allowed a claim of $799.83 for further education and support on the ground of necessaries. Gayle v. Hayes, 79 Va. 542.
Particular Contracts.
Contract of Partnership.—An infant is capable of being a partner and his contract of partnership is not void but voidable. If he affirm it after he arrives at age, he .will be bound by it. Penn v. Whitehead, 17 Gratt. 503, 94 Am. Dec. 478.
Release of Right to Damages.—A release executed by an infant for a valuable consideration, of his right to damages against a railroad, may be dis-affirmed by him, on coming of age, without restoring the consideration, when it does not appear that he has it at that time. Young v. W. Va., etc., Ry. Co., 42 W. Va. 112, 24 S. E. Rep. 615.
Release of Dower Right by Infant Feme Covert.—An infant married woman, though she join her husband in a deed, executed with all the formalities required by the statute, 1 Old Rev. Code Va., ch. 90, § 6, Code 1887, § 2562, may disaffirm the contract, after her husband’s death and her arrival at full age, and may recover her dower in the land. Thomas v. Gammel, 6 Leigh 9.
Contracts Binding on Infants.
Contract of Enlistment.—An infant, if he enlist by his own free choice, though without the knowledge or consent of his parent, will be bound by his contract of enlistment. U. S. v. Lipscomb, 4 Gratt. 41; U. S. v. Blakeney, 3 Gratt. 405.
Contracts of Marriage Settlement.—Infants’ contracts of marriage settlement are binding on them, though made during infancy, a fortiori if there be issue of the marriage, and cannot be avoided by them on coming of age. A settlement made by them through a father or guardian is likewise binding. Tabb v. Archer, 3 H. & M. 399, 3 Am. Dec. 657.
*247 Baldwin, J., in a dictum in Healy v. Rowan, 5 Gratt. 414, 52 Am. Dec. 94, approved the doctrine of Tabb v. Archer, 3 H. & M. 399, 3 Am. Dec. 607, saying, “Marriage articles, made between an infant feme and her intended husband, beneficial to her and her contemplated issue, will be enforced in equity, by a settlement in conformity therewith, on the application of the issue.”
Though it was held in Healy v. Rowan, 5 Gratt. 414, 52 Am. Dec. 94, that marriage articles, to which an infant feme is not a party, but which are made between her guardian and her intended husband are not binding on the infant, yet, Baldwin, J., said, obiter: “She may, after full age, adopt or ratify such marriage agreement.”
Liability as Administrator.—An infant is not liable as administrator for a devastavit of his intestate’s goods, either on his express contract (his bond) or on an implied contract as a constructive trustee, where no fraud or tort is charged. Saum v. Coffelt, 79 Va. 510.
infants’ Contracts Voidable.—The contract of an infant is voidable by the infant, after she arrives at the age of twenty-one years. Bedinger v. Wharton, 27 Gratt. 857; Birch v. Hinton, 78 Va. 584; Wilson v. Branch, 77 Va. 65.
Not Void.—An infant’s contract is voidable, not void, and subject to be affirmed or disaffirmed by the infant after his arrival at age, though the fact of infancy were known to the other party. Mustard v. Wohlford, 15 Gratt. 329; Gillespie v. Bailey, 12 W. Va. 70; Wamsley v. Lindenberger, 2 Rand. 478. In this respect differing from the contract of a feme covert which is void. Ogle v. Adams, 12 W. Va. 213, 241.
Hence Infant flust Be Sued with Adult on a Joint Contract.—A promissory note is executed by one of two partners, in the name of the firm. One of the partners was an infant at the time of the execution of the note. An action is brought against the adult partner only. The action is badly brought; the act of the infant being voidable only, and not void. Wamsley v. Lindenberger, 2 Rand. 478.
Defence of Infancy Personal to Infant.—The defence of infancy is a personal privthege and cannot be interposed by a stranger. Fry v. Leslie, 87 Va. 269, 12 S. E. Rep. 671; Wamsley v. Lindenberger, 2 Rand. 478.
Disaffirmance of Infants’ Contracts.
Here Acquiescence Not Sufficient.—Mere acquiescence, though for an unreasonable time after age, in the case at bar twenty-seven years, will not amount to an affirmance of a contract made during infancy, when the purchaser has not been in possession, except for a year or two before the bringing of the action to set the sale aside. To make sthent acquiescence for the period of the statute of limitations, an affirmance of such a contract, it must be under the same circumstances as required by that statute, that is, the purchaser must be in possession of the land during the whole of this period, and if he is not in possession, but the land is wild and unoccupied, the mere lapse of time, though it exceed the period required by the statute, will not amount co an affirmance, especially where the property is in litigation during that time. Gillespie v. Bailey, 12 W. Va. 70.
Mere sthence for any length of time less than the statutory period which would bar an action of ejectment, when unaccompanied by some act of a confirmatory nature, will not amount to an affirmanee of an infant's deed. Birch v. Linton, 78 Va. 584; Wilson v. Branch, 77 Va. 65.
In a dictum in Wilson v. Branch, 77 Va. 65, Lacy, J., said that an infant must disaffirm Ms contract within a reasonable time after coming of age; but acknowledged that many cases held the contrary, as in the cases svvra, that sthent acquiescence was no bar, if for a shorter period than the statute of limitations. In this case, eighteen months was held a reasonable time.
Effect of Disaffirmance.—The disaffirmance of an infant’s contract after age extinguishes any interest in law or equity which the other party may have acquired under it and entitles the quondam infant, or any party claiming under him, to recover possession of the subject of the contract and hold it free from any equity of the other party. Such a disaffirmance avoids the infant’s contract ab initio, and the parties revert to the same situation, as if the contract had not been made. The right of the infant to avoid his contract is a paramount right and may be exercised even against a purchaser from the vendee. Mustard v. Wohlford, 15 Gratt. 329.
Rights of Third Persons on Disaffirmance.—Where a husband contracts to convey five-sevenths of his share of certain laiids to his wife, but, by a prior contract, had conveyed to his co-tenant, Ms share in a certain tract of the land and had contracted to convey the other half of that particular tract, if it fell to Ms share, and, on its falling to Ms share, his wife, an infant, joins him in a conveyance to the co-tenant; if his wife, on coming of age, and after her marriage is annulled, seeks in equity a conveyance of the legal title to the said five-sevenths including that particular tract on the ground that her deed was voidable on account of infancy, the court, where the particular tract did not exceed in value the remaining two-sevenths, refused to take the particular tract out of the hands of third persons, who had bought, but decreed compensation out of the remaining two-sevenths. Kerr v. Kerr, 84 Va. 154, 5 S. E. Rep. 89.
Co=existent Disabilities.—But if the infant is also a feme covert at the time of making the contract, the time allowed for disaffirmance is extended to a reasonable ti me after coverture and no act of hers while either disability continues will amount to an affirmance other contract. Bedinger v. Wharton, 27 Gratt. 857; Darraugh v. Blackford, 84 Va. 509, 5 S. E. Rep. 542.
What Amounts to Disaffirmances.
Resale of Subject-Matter of Contract.—A voidable act of an infant may be avoided by different means according to the nature oi the act. It is not necessary, in order to produce that effect that the disaffirmance should be express. It is enough that the two acts are inconsistent with each other, in which case the lormer is disaffirmed by necessary implication. Thus, a sale of his lands by an infant, is disaffirmed by his selling them to a third party after age, even though the first vendee be in possession under the first contract of sale. Mustard v. Wohlford, 15 Gratt. 329.
Necessity for Re=entry by Grantor.—If there be an adverse possession, then, it is said, in those states where one out of possession cannot sell, there should be an entry of the grantor, in order to avoid the first deed by another. Bat no entry is necessary in those states where one out of possession of real estate, can sell his interest therein, as in Virginia. Nor is entry necessary where, though the vendee is in possession, his possession is not adverse but is *248 subordinate to the title still remaining in the vendor. Mustard v. Wohlford, 15 Gratt. 329.
Bringing of Action Sufficient.—it is not necessary for the infant to do more than bring his suit within the proper time; that is all the disavowal of his deed that is required. Birch v. Linton, 78 Va. 584; Bedinger v. Wharton, 27 Gratt. 857.
flay in Same Suit Ask for a Partition.—A party may in the same suit, sue to set aside aconve3Tance made during infancy, and also sue for a partition of the land. Gillespie v. Bailey, 12 W. Va. 70.
Infants Must Have an Existing Interest in the Subject** Matter of the Contract.—Where afather assigns absolutely a title bond to real estate purchased by him, to his sons, who are-his sureties on another bond, .and then the father and sons sell the land and assign the title bond to another party, and one of the sons, being a minor at the time of this contract, on. coming of age attempts to avoid the contract and have one .moiety of the real estate decreed to him, held, that the assignment of the title bond was in the nature of an equitable mortgage to secure the sons as sureties on the other bond, and when the other bond was paid by the purchaser in accordance with an agreement, their mortgage was discharged and the interest of the infant in the real estate ceased. Trader v. Jarvis, 23 W. Va. 100.
Return of Consideration.
Executory Contracts.—if an infant avoid his executory contract he must return the consideration, if he has it; but if he has wasted it during his infancy, he is not obliged to return what he has not. Mustard v. Wohlford, 15 Gratt. 329; Gillespie v. Bailey, 12 W. Va. 70, cited with approval in Ogle v. Adams, 12 W. Va. 213, 241.
Executed Contracts.—MONCURE, P., in a dictum in Bedinger v. Wharton, 27 Gratt. 857, said that if the contract were an executed one, it could not be avoided by the infant without restoring any part of the consideration which remained in his hands on coming of age ; but that the question, whether in such a case the infant could avoid the contract if he had wasted the consideration during infanc3r, or if •it was not in his hands on coming of age, had never been decided in Virginia, and though that case was one of an executed contract where the consideration was not in his hands when he came of age, yet that -case went off on other grounds. Cited with approval in Ogle v. Adams, 12 W. Va. 213, 241.
In Gillespie v. Bailey, 12 W. Va. 70, Green, P., citing Bedinger v. Wharton, supra, inclined to the opinion that the infant need not return the consideration for an executed contract; if it is not in his hands on coming of age, but he expressly declined to decide the question and the case went off on the ground that the rents and profits for the period since the conveyance, for which the purchaser was responsible, exceeded the amount of the purchase money paid to the infant, and sought to be recovered back, and, as the purchaser did not insist on this account being taken and did not complain of the final decre^ being rendered without it, he cannot assign it as error in the appellate court that the consideration paid was not decreed to be returned to him. See Young v. W. Va., etc., Ry. Co., 42 W. Va. 112, 24 S. E. Rep. 610, and supra, “Particular Contracts.”
No Consideration Received.—A fortiori if the infant has made no contract at all and has received no consideration, but a commissioner has conveyed away his property under a void decree, he can recover the property, without making restitution to the holders of it. Abernathy v. Phillips, 82 Va. 773, 1 S. E. Rep. 113.
In Any Case, He Must Return It, if He Has It.— Whether a contract of an infant be completely executed or be executory merely, it is very clear that it cannot be avoided by the infant, after attaining lawful age, without restoring anything which may have been received by him as consideration in the contract, and may remain in his hands on his arrival at such age. Bedinger v. Wharton, 27 Gratt. 871.
Infant Having Only a Life Interest in Property Not Accountable for Principal of Consideration.—Where an infant has only a life interest in property and joins her husband, the trustee, in a conveyance of the fee simple, while an infant, she is in no way accountable for the principal of the consideration received and no benefit which she may possibly have derived from that consideration can prevent her from avoiding the deed executed b3r her during her infancy, and having the1 property thereby conveyed, reconveyed and held under the original trusts. Bedinger v. Wharton, 27 Gratt. 857.
Ratification.—while an infant ma3r avoid a bond given by him when under age, if he promises to pay it after age, he will be bound by his promise. Buckner v. Smith, 1 Wash. 296.
What Is Necessary under the Statute.—No particular form of words is required for a confirmation of a debt contracted by a person when an infant, after he attains his majority, but they must import an unequivocal recognition and confirmation of the previous engagement, though they need not amount to a direct promise to pay. Section 2840 of the Code provides that no action shallbe maintained whereby to charge any person upon any promise, made after full age, to pay any debt contracted during infancy, or upon any ratification after full age of any promise or simple contract made during infancy, unless such promise or ratification shall be made by some writing, signed by the party to be charged therewith. This statute follows almost in exact terms 9 Geo. IV., ch. 14, sec. 5, and the decisions construing that statute have held that any written instrument, signed by the parties, which, in the case of adults, would have amounted to an adoption of the act of a party acting as an agent, will, in the case of an infant who has attained his majority, amount to a ratification. The memorandum or writing, to be sufficient, must recognize the debt as a debt binding* upon the party who signs it. It must, either in terms, or on a fair construction of the instrument, refer to the contract which is to be ratified, and treat it as a subsisting contract. Ward v. Scherer, 96 Va. 318, 31 S. E. Rep. 518.
Must Identify the Contract Ratified.—A replication to a plea of infancy, in an action on a bond executed during infancy, that the obligor has ratified and acknowledged the bond, in writing, after coming of age, is bad, when the ratification relied on refers to an open account for a different amount from that of the bond sued on and there is nothing in it to show that the bond was given for the open account. Ward v. Scherer, 96 Va. 318, 31 S. E. Rep. 518.
By Consenting to a Decree of Compensation.—An infant feme covert after age may not only disaffirm her deed made under disabilities, but, being sui juris, may ratify it, among other ways, by consenting to a decree compensating her for her dower rights. Darraugh v. Blackford, 84 Va. 509, 5 S. E. Rep. 542.
Ratification after Age, Final.—If an infant has once confirmed his contract after arriving at full *249 age, lie can never afterwards elect to hold it void. Gillespie v. Bailey, 12 W. Va. 70.
Infant May Have an Injunction against the Enforce» ment of a Replevy Bond.—if an infant becomes security in a twelve months’ replevy bond, a court of equity will grant a perpetual injunction against its enforcements even against an assignee without notice, for the infant has no day in court in such a case, since the plaintiff can sue out execution on his own affidavit without application to the court. Allen v. Minor, 2 Call 70.
Infancy No Defence to a Proceeding in Rem.—inf ancy is no defence to a bill to proceed, in rem, against land to enforce a vendor’s lien reserved upon the face of the deed, for the purchase money. Smith v. Henkel, 81 Va. 524.
Contract of Apprenticeship.
infant Must Be a Party.—By the doctrines of the common law, long and well established, a father cannot bind his infant son apprentice without the assent of the son, and such assent proved by his signature to the indenture, but that in this manner he may bind him. State v. Reuff, 29 W. Va. 751, 2 S. E. Rep. 801.
A father cannot bind his infant child apprentice by indentures to which the child is not a party ; and indentures of apprenticeship executed by the father, without the child’s concurrence, are not voidable only, but void. Pierce v. Massenburg, 4 Leigh 493.
But by Statute Neither Infant Nor His Mother Necessary Parties to Covenants in Their Favor.— Under Acts April 6, 1839, where the indenture contains covenants by the master in favor of the mother of the apprentice, and also in favor of the apprentice, but they are not parties to it, it is nevertheless valid, and the remedies will be adapted to the case. Brewer v. Harris, 5 Gratt. 285.
Duration of Contract.—The statute directs that female apprentices shall be bound out until they are eighteen years old. Abinding out until the age of seventeen years is valid. Brewer v. Harris, 5 Gratt. 285.
No Appeal from County or Corporation Court.—No appeal lies from an order of a county or coiporation court for binding out an apprentice, or for rescinding his indentures. It seems that, in such case, a writ of certiorari lies from the general court, to bring up the record, and correct the proceedings. Cooper v. Hopkins, 1 H. & M. 412.
Liability of Haster for Hedical Attendance.—The master of an apprentice is bound to pay for medical attendance on the apprentice, from the very nature of the relation between master and apprentice. Easley v. Craddock, 4 Rand. 423.
Liability of Father.—The father of an apprentice is only bound when the services were rendered at his instance. Easley v. Craddock, 4 Rand. 423.
In Whose Name Action Should Be Brought.—An action in behalf of an apprentice, upon his indenture of apprenticeship, ought not to be brought in the name of the overseers of the poor, but in his own name. Poindexter v. Wilton, 3 Munf. 183.
But covenant will not lie in the name of an apprentice on an indenture of apprenticeship entered into by the overseers of the poor without any previous order of court for binding out the apprentice ; such indenture is not a statutory deed ; and, therefore, covenant can only be maintained on it in the name of the overseers who are the parties to it. Bullock v. Sebrell, 6 Leigh 560.
Present Provisions in West Virginia.—in West Virginia a minor child can only be bound as an apprentice “by his father, or, if none, by his guardian, or, if neither father nor guardian, by his mother, with the consent entered of record of the county court of the county in which the minor resides; or. without such consent, if the minor, being fourteen years of age, agree in writing to be so bound, or nnless such minor be found begging in such connty, or is likely to become chargeable thereto” ; and, if not so bound, the indentures of apprenticeship are void. State v. Reuff, 29 W. Va. 751, 2 S. E. Rep. 801; Code W. Va. ch. 81, sec. 1.
U. LIABILITY IN TORT.
Tort Mast Be Wholly Independent of Contract,—An infant can only be held liable for a fraud or a tort which is wholly independent and irrespective of contract, express or implied. Saum v. Coffelt, 79 Va. 510.
Seduction.—The plea of infancy is no defence to an action for seduction, since an infant is as liable for a tort, not arising out of a breach of contract, as an adult. Fry v. Leslie, 87 Va. 269, 12 S. E. Rep. 671.
Negligence.—if an infant is permitted to hold an office of pecuniary trust, he is not liable for negligence with respect to money placed in his hands, unless he is guilty of a tortious conversion. Saum v. Coffelt, 79 Va. 510.
Contributory Negligence,
Presumed Incapable between Seven and Fourteen.— The law presumes that an infant between the ages of seven and fourteen cannot be guilty of contributory negligence; such presumption must be rebutted by evidence and circumstances establishing her maturity and capacity. Roanoke v. Shull, 97 Va. 19, 34 S. E. Rep. 34.
Age and Discretion to Be Considered.—An instruction to the jury that the rule as to contributory negligence on the part of a child, is, that it is required to exercise only that care which a person of that age would naturally and ordinarily use in the same situation, and under the same circumstances, and that, in determining the relative degree of care or want of care manifested by the parties at the time of the injury, the age and discretion of the parties injured are proper subjects of inquiry for the jury, was approved in Blankenship v. C. & O. R. Co. 94 Va. 449, 27 S. E. Rep. 20.
Infant Acting under Orders of a Superior.—Where an infant of thirteen years of age is employed to perform certain services which he is competent to perform, and which are not hazardous, as carrying water, etc., but a person who has a right to his obedience orders him to perform a dangerous service, adjusting a belt amongstrapidly moving machinery, entirely outside the business he was employed to do, the master will be liable, where the boss was acting within the scope of his employment in giving the orders. Jones v. Old Dom. Cotton Mills, 82 Va. 140.
Age Not the Only Criterion.—The jury in their deliberation, should not be confined by instructions to the consideration of the plaintiff’s age alone, but should also be instructed to take into consideration his intelligence, capacity and ability to know the danger and to avoid it, but these considerations need not all be submitted to the jury in the same instrnctions, but may be embodied in distinct instructions, if. when read together, they will convey to the minds of the jury the fact that both age and intelligence, etc., are factors to be considered. Wash., etc., R. Co. v. Quayle, 95 Va. 741, 30 S. E. Rep. 391.
Where infant Is a Trespasser.—Though an infant be *250 a trespasser, no one has a right to inflict wanton or reckless injury on him; so, where a railroad company upon whose train he is riding, puts him in a position of peril by increasing the speed of its train to an unlawful and dangerous rate, and under such circumstances requires him to jump from the train, the railroad will be liable. Wash., etc. R. Co. v. Quayle, 95 Va. 741, 30 S. E. Rep. 391.
Under Three, an Infant Is Conclusively Presumed In** capable.—In Dicken v. Liverpool Salt & Coal Co., 41 W. Va. 511, 23 S. E. Rep. 582, Holt, P., said that although it was not necessary to the decision of the case, he was of opinion that a child two years and ten months old could not be guilty of contributory negligence.
In Norfolk, etc., R. Co. v. Ormsby, 27 Gratt. 455, the court, in speaking of the liability of an infant, two years and ten months old, for contributpry negligence, said; “It has not been contended, and cannot be, that he was old enough to be guilty of any, or at all events, that he was guilty of any in this case.” In that case the railroad had been guilty of negligence in running its trains through a street on which many children lived.
ill. LIABILITY FOR CRIMES.
Between Seven and Fourteen Prima Facie Presumed Doli Incapax.—An infant between the age of seven and fourteen is within the age of discretion but still presumed doli incapax. This, however, is a mere prima facie presumption which may be rebutted by evidence of capacity sufficient to understand the nature of the act and its consequences. Presumption of incapacity is very strong at seven years of age, but it decreases with the progress of years. The first point of inquiry is whether the accused was able to distinguish between right and wrong, to understand the nature of the crime he was committing, and that it was deserving of severe punishment, if so, malitia supplet cetate?ji. It is not intended to assert that the capacity of the offender must be proved by the direct testimony of witnesses. It may be inferred from the facts and circumstances of the particular case. The nature of the crime and the conduct of the perpetrator may, of themselves, present the most pregnant evidence that he knew the nature of the act and its consequences. Law v. Com., 75 Va. 885.
Proof Necessary to Rebut This Presumption.—But where the only direct proof of capacity is that the accused was a boy of “average capacity for his age,” this is not sufficient; the commonwealth must go further and prove that the offender in the párticular case understood the nature of his act and its consequences, and especially so where he is under twelve years of age. Law v. Com., 75 Va. 885.
May Be Principal in Second Degree in Rape.—A boy, under fourteen, who aids and assists another person, in the commission of the offence of rape, is not the less a principal in the second degree, because he is incapable of committing the offence himself, if it appear from all the circumstances that he had a “mischievous discretion.” Law v. Com., 75 Va. 885.
Evidence of Discretion.—The fact that a boy under the age of fourteen, placed his hand over the mouth of the female with a view to prevent her crying out, while his elder brother committed a rape upon her, is not sufficient in itself for his conviction as principal in the second degree. Law v. Com., 75 Va. 885.
Under Seven, Conclusively Presumed Doli Incapax.— An infant under seven years of age is conclusively presumed to be incapable of crime and no evidence can be received to rebut the presumption. Law v. Com., 75 Va. 885.
IV. COnPETENCY AS A WITNESS.
Under Fourteen It Depends on the Individual Discretion of the Witness.—It is a well-settled rule of evidence that an infant under fourteen may be examined as a witness, provided he sufficiently appears to understand the nature and moral obligation of an oath; for competency depends not upon age but understanding. At the age of fourteen, every person is presumed to have common discretion and the necessary understanding of the obligation of an oath, until the contrary appears; but under that age it is not so presumed. Oliver v. Com., 77 Va. 590.
Five Years Usually the Lowest Limit.—Under the age of six presumption of incompetency arises, and at the age of five the utmost limit would be ordinarily reached, when extraordinary development of the mental and religious faculities should be shown, to take the case out of the ordinary course of nature. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803.
Must Understand the Nature and Obligation of an Oath.—An infant of such tender years, five years in this case, and feeble intelligence as to have no conception of the religious or moral significance of an oath, is not competent to testify. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803.
Where a child of the age of five made the following answers; to the question, “Is it bad to tell stories?” she answers, “Yes, Ma’am,” to the question, “What becomes of little girls who tell stories?” she answers, “The bad man gets them,” and as to what the court does with them, she answers, “Puts them in jail,” and in answer to a question as to whether her mother had ever taught her anything about God, she replies, “No,” and says further that she knows nothing about God except that he makes the babies and throws them down to the doctors, she was held incompetent, as these answers were so evidently merely mechanical and the result of previous coaching. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803.
A Question for the Court and Not for the Jury.—The question of incompetency is a question for the court and not for the jury, and if on the examination of a witness, her incompetency appears, it is the duty of the court, on motion of the accused to exclude her evidence from the jury and it is error for the court to submit the question of competency to the jury, either by instruction or otherwise. Nor will the court review the decision of the trial judge unless the error is palpable and flagrant. State v. Michael, 37 W. Va. 565, 16 S. E. Rep. 803.
A witness, whose competency has been affirmed by the court, cannot be examined before the jury touching his understanding of the obligation of an oath, since this is a question of the competency of the witness, not of his credibility. Oliver v. Com., 77 Va. 590.
V. SUITS BY AND AGAINST INFANTS.
A. CRIMINAL CASES.
Infant Must Appear In Person or by Attorney.— Upon a presentment against an infant for a misdemeanor, the infant has a right to appear and defend himself in person or by attorney, and it is error to assign him a guardian and to try the case on a plea pleaded for him by the guardian. Word v. Com., 3 Leigh 744.
*251 B. CIVIL CASES.
Infant Cannot Appear by Attorney.—An infant cannot appear by attorney in a civil suit. Ewing v. Ferguson, 33 Gratt. 548.
Actions by Infants.
In West Virginia.
Summons Should Be in Name of Infant by Guardian Ad Litem. - A summons sued out in the name of J. W. B. guardian ad litem of W. B., a minor, before a justice, although not in the best form, yet, aided by the provision in section 26 of chapter 50 of the Code, in relation to proceedings before justices, that no summons shall be quashed or set aside for any defect therein, if it be sufficient on its face to show what is intended thereby, is held sufficient, the defendant not being misled by it and the defendant having appeared generally. Blankenship v. Kanawha & M. Ry. Co., 43 W. Va. 135, 27 S. E. Rep. 355.
How Taken Advantage of.—A summons in an action brought before a j ustice by an infant plaintifi by next friend is not void, but defective, which defect can only be taken advantage of by defendant by special appearance for that purpose only, i. e. to quash the summons, to be stated at time of making such appearance. A judgment rendered upon such summons after general appearance by defendant is not void. Blair v. Henderson (W. Va.), 38 S. E. Rep. 552.
Purpose of Appointment of Guardian Ad Litem for Infant Plaintiff.—The object of sec. 24, ch. 50, Code, requiring appointment of guardian ad litem for infant plaintiff before bringing suit, and taking consent in writing of such guardian to accept such appointment, and to be responsible for costs if the action fail, is to protect defendant in the matter of costs, that he may have some responsible person to look to in case he succeeds in his defence. Blair v. Henderson (W. Va.), 38 S. E. Rep. 552.
In Virginia.
Prochein Ami.—On this subject of prochein ami the doctrine is that the nearest relation is generally the next friend of an infant; but as that relation may, himself, have injured the infant, and be liable to a suit therefor, or may be otherwise an improper person, the court will permit any person to institute a suit on his behalf, and he is to be named as next friend in the bill. The person ought however, to be a person of substance, because he is liable to pay the costs of suit. Dissenting opinion in Burwell v. Corbin, 1 Rand. 131.
Presumption of Assignment of Prochein Ami.— Where, in a suit for partition, one of the parties plaintiff dies, leaving a widow and infant son in whose name and that of the administrator the suit is revived, it will be presumed, that some one was allowed to prosecute the suit for the infant as his next friend where the contrary does not appear. Even if there was not a formal assignment of a next friend, it may be questioned whether such a mere informality will avoid the sale, or whether his mother an d his father’s administrator will not be regarded as his next friends in the absence of evidence to the contrary. In such a case it would have been out of place to have revived the suit in the name of a next friend of the infant. Wilson v. Smith, 22 Gratt. 493.
To Be Answerable for Costs, Prochein Ami Must Consent.—if a man’s name is used as next friend for infants, without his knowledge or consent at any time given, he is not answerable for costs, and if not so answerable, and in no other way interested. he is a good witness. Burwell v. Corbin, 10 Am. Dec. 494. 1 Rand. 131.
The Relation Only Begins with the Institution of the Suit.—a declaration is fatally defective in averring the indebtedness of the defendant to the plaintiff as next friend for an infant, the court saying, “In a legal sense he could not have such a relation to the infant plaintiff until the institution of the suit, and it follows that there could be no such indebtedness to him, as next friend, prior to the institution of the suit, if indeed there could be afterwards.” Shirley v. Bonham, 5 W. Va. 501.
When infant ilust Sue by Prochein Ami.
Where Infant Has No General Guardian.—An infant who has no guardian appointed by the court who has given bond, may sue by next friend for damage done to his real estate. McDodrill v. Pardee, etc., Co., 410 W. Va. 564, 21 S. E. Rep. 878.
Suits to Call Guardian to Account.—An infant may by his next friend call the acting guardian or any preceding guardian to account by a bill in chancery; but the bill must be in his own name by his next friend. Lemon v. Hansbarger, 6 Gratt. 301.
Suits to Recover the Distributive Shares of Infants. —A bill in equity to secure the payment of the distributive shares of infants in their ancestor’s estate, should be filed in the name of the infants by their next friend, who may be their guardian. Burdett v. Cain, 8 W. Va. 282.
Affidavit by “Next Friend.”--It is sufficient if the affidavit filed by the infant’s next friend states that he believes the facts stated in the bill to be true, it is not necessary fbr him to swear that he knows them to be true. Lee v. Braxton, 5 Call 459.
Next Friend Cannot Waive Rights of Infants.—It is not competent to adult plaintiffs or the guardian (“next friends” as appears by the record) of infant plaintiffs to waive the rights of-the latter, and it is error to decree on such waiver. Hite v. Hite, 2 Rand. 409.
Suits against Infants.
Parol Demurrer.—The parol does not demur now in Virginia. Tennent v. Pattons, 6 Leigh 196.
Infants Must Be before Court.—It is error to pass upon the rights of infants when they are not before the court. Clendenning v. Conrad, 91 Va. 410, 21 S. E. Rep. 818.
Infant Must Appear by Guardian Ad Litem.—An infant defendant must appear by guardian ad litem, and not by attorney. Fry v. Leslie, 87 Va. 269, 12 S. E. Rep. 671.
Guardian Ad Litem Must Be Appointed.-Tn a suit in chancer}7 an infant can only appear and defend by guardian ad litem and one should be appointed by the court for that purpose. If the record does not show that they were before the court in the only way in which an infant can appear and defend, the court of appeals must regard the proceeding as fatally defective. Myers v. Myers, 6 W. Va. 369; Parker v. McCoy, 10 Gratt. 594; Hays v. Camden, 38 W. Va. 109, 18 S. E. Rep. 461; Hart v. Hart, 31 W. Va. 688, 8 S. E. Rep. 562; Piercy v. Piercy, 5 W. Va. 199; Pracht v. Lange, 81 Va. 711.
No Rule Can Be Entered until His Appointment.—No rule can be entered against an infant until a guardian ad litem is appointed to defend him, and if no one, on his behalf, applies to the court to appoint one, the plaintiff is bound, at his peril, to do so. Cole v. Pennell, 2 Rand. 174.
Office Judgment Set Aside.—-Where an office judgment is obtained, in an action on a promissory note, against two defendants, one of whom is an infant at *252 the time of confirming the judgment and undefended by guardian ad litem; on a writ of error, coram vobis, being brought, the proceedings should be set aside,, as far as the declaration, or other good pleading, even though the infant becomes adult before the term of court, at which that judgment might have been set aside and he fathed to appear. So held by two judges out of three, the third judge holding that the office judgment should be annulled in toto. Cole v. Pennell, 2 Rand. 174.
In the above case, Coalter, J., said obiter, that the plaintiff should have taken the office judgment against the other defendant and suspended proceedings against the infant until he came of age.
Failure of General Guardian to Appear When Notified. —The guardian of the infant owner should be notified, but if he fails to appear and make defence, the court should appoint a guardian ad litem to defend their interest. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
Jlust Be Appointed if Infancy Appear at Any Time before Final Decree.—And although the infancy did not appear in the original proceedings, yet if it be alleged in a petition for a rehearing (the decree being interlocutory) a guardian ad litem ought to be appointed. Roberts v. Stanton, 2 Munf. 129.
Usual to Appoint the Husband of an infant Feme Covert.—When the infant is a married woman, it is nevertheless necessary to appoint a guardian ad litem and it is customary to appoint her husband, if he is a defendant with her. Alexander v. Davis, 42 w. Va. 465, 26 S. E. Rep. 291; Ewing v. Ferguson, 33 Gratt. 548.
May Be Appointed at Rules.—in a suit in equity by the guardian of infants for the sale of their real estate, a guardian ad litem for the infants may be appointed at rules. Sess. Acts 1839-40, p. 47; Talley v. Starke, 6 Gratt. 339.
Guardian Ad Litem flust Be Notified.—In a creditors’ bill to set aside a deed of settlement executed to a trustee by the debtor for the benefit of his wife, and her children, who are minors, it is error to proceed to take the accounts where a notice was served on such minors by publication ; the guardian ad litem not being named therein, nor otherwise served with notice, the court saying, “It has often been held in this court that it is error to decree a sale of an infant’s real estate without the appointment of a guardian adlitem, and the appointment to protect the interest of the infant would be a vain thing, if the subsequent proceedings should be had without notice to him.” Strayer v. Long, 83 Va. 715, 3 S. E. Rep. 372.
Guardian Ad Litem flust Answer.—It is error, to correct which a bill of review may be filed, if no answer is filed by their guardian ad litem on behalf of infant defendants, where the bill is not taken for confessed by them. Braxton v. Lee, 4 H. & M. 376; Lee v. Braxton, 5 Call 459.
His Answer Must Be Fthed.—The heirs being infants, though their guardian was a party and answered, they were entitled to be defended b3r a guardian ad litem, and although one was appointed for them, and there was a paper purporting to be an answer found among the papers of the cause, yet as it did not appear that it had been filed, it was error to decree the sale of the infant’s land, without an answer filed by guardian ad litem. Ewing v. Ferguson, 33 Gratt. 548.
Presumption of Appointment.—it is error to decree against infants without a guardian ad litem having been appointed, and it cannot be presumed that any such guardian was appointed in the absence of proof that the records were lost or destroyed. McDonald v. McDonald, 3 W. Va. 676; Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291.
Recital in Final Decree as to Answer of Guardian Ad Litem Not Conclusive.—Although the final decree recites, inter alia, that the cause came on to be heard upon the answer of the guardian ad litem of the infant defendants, this cannot be presumed tobe true, when no such answer appears in the record as certified and there is no certificate by the clerk that it was lost or destroyed. Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291.
Appointment Must Appear by the Record.—An office judgment against an infant, who in the writ is named as defendant “by J. K. his guardian,” cannot be supported, but must be reversed in toto, if there be nothing in the record to show that J. K. was guardian by testament, or exprovisione leáis, or guardian ad litem, appointed by the court. Brown v. McRea, 4 Munf. 439.
Where Guardian Ad Litem Fails to Act.—Where one of the defendants in a suit is an infant, but it is not stated in the record, that he appeared by his guardian in the suit, nor does it appear that the guardian ad litem, appointed by the court ever acted or even had notice of such appointment, it is error to enter a judgment b3r default against the infant, but a motion should be made to the court to proceed against that guardian ad litem or to appoint another. Fox v. Cosby, 2 Call 1.
When Not Necessary to Appoint a Guardian Ad Litem.
When His General Guardian Makes His Defence.—If a guardian has been appointed by the count3r court, and her answer has been received for the infants and full defence made under the sanction and authority of the chancery court, although she was not expressly appointed guardian to defend that suit, the infants must be equally bound by that defence as if she had been in form appointed by the court guardian ad litem. Ewing v. Ferguson, 33 Gratt. 548. But if the suit abate as to such guardian b3T her death before the decree, a guardian ad litem ought to be appointed, notwithstanding all the testimony and accounts were taken before his death. Beverleys v. Miller, 6 Munf. 99.
Where the Decree Is in the Infant’s Favor.—Although a decree be rendered without the appointment of a guardian ad litem for an infant, if it is in the infant’s favor, she has no ground of complaint against it. Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291.
Appointment of Guardian Ad Litem and Infancy Not Questions for the Jury, How Taken Advantage of.—In Campbell v. Hughes, 12 W. Va. 183, 206, 210, it was held that the court did not err in refusing to give the following instruction in an action of ejectment: “If the jury find that the defendants are infants under the age of twenty-one and that no guardian ad Utem for them was appointed in the cause, then their verdict must be for the defendants,” the court saying that infancy is not a good plea in bar of an action of ejectment, that it is right and proper for a guardian ad Utem to be appointed at the proper time, but that whether the defendants were infants or not, or a guardian ad litem had been appointed are questions with which a jury has nothing to do. But where the proofs show that a part of the defendants were infants, and no guardian ad litem had been appointed for them, it might perhaps be cause for a new trial, and when judgment was rendered *253 on the verdict, and a part of the defendants were infants and the facts properly appeared on the record, it will be cause for reversal upon writ of error eorum nobis on motion under sec. 1, ch. 134, Code W. Va.
Bilí Should Not Be Dismissed.—If anything appears in relation to the appointment of the guardian ad litan, or in other respects, which is not satisfactory to the chancellor, so that, in his opinion, further proceedings are necessary to enable him to pronounce a decree on the merits, the bill ought not to be dismissed, but such further proceedings directed. Garland v. Loving, 1 Rand. 396.
Not Obliged to Accept Appointment—A guardian ad litem. appointed to prosecute an appeal on an iniant’s behalf, is not obliged to accept the appointment. A reasonable time ought, therefore, to be given him to consider whether he will accept, and to prepare for trial. Wells v. Winfree, 2 Munf. 342.
When Depositions May Be Read against Infants.
With Consent of Guardian Ad Litem.—It is not improper to read depositions in evidence against infant defendants with the consent of their guardian ad litan. Hardman v. Orr, 5 W. Va. 71.
Notice to Guardian Sufficient, Except in Suits to Sell Infants’ Lands.—lint if the guardian ad litem had notice of the talcing of the depositions, the fact that the depositions were not taken in his presence will not render them inadmissible. Sections 2435 and 2019 of the Code Va. 1887, rendering depositions not taken in the presence of the guardian or upon interrogatories agreed to by him, inadmissible, refer only to suits for the sale of lands of persons under disability and contingent estates, there referred to, and do not apply to suits generally in which infants may be interested. Moore v. Triplett (Va.), 23 S. E. Rep. 69.
Section 4, ch. 83. Code W. Va., providing that no deposition shall be read in the suit except by leave of court, unless it be taken in the presence of the guardian ad litem or on interrogatories agreed to by him, applies only to bills, whose object is the leasing and selling of the lands of persons under disability as the caption of the chapter shows, and the mere fact that an infant is a stockholder in a corporation would not bring within the operation of the provisions of ch. 83, a bill to dissolve the corporation aud sell the property under ch. 53, sec. 57. Any deposition can be taken in such a cause that could be taken in any other cause in which an infant is a party. Hurst v. Coe, 30 W. Va. 158, 3 S E. Rep. 564.
But Guardian Ad Litem Must Be Notified.—It is error to allow a deposition to be read against infants, when it does not appear that their guardian ad litem had been served with notice. Walker v. Grayson, 86 Va. 337, 10 S. E. Rep. 51.
Powers of Guardian Ad Litem.
His Power Confined to the Case in Which He Is Ap= pointed. —The power of the guardian od litem is confined to that particular case and his duty is to manage the case and see to the interest of that particular infant, who must in some way, by appointment and answer be specifically named or designated, for some defendant may appear to be an infant, who is not so named in the bill, as in the principal case. Alexander v. Davis, 42 W. Va. 465, 20 S. E. Rep. 291.
May Consent to Removal of Cause—A guardian ad litem may consent, for his wards, to the removal of the suit from one circuit court to another. Lemmon v. Herbert, 92 Va. 653, 24 S. E. Rep. 249.
His Answer Cannot Be Read against Infant.—“No rule is better settled, than that an answer of an infant by guardian ad litem cannot be read against him at all. for any purpose.*’ Baldwin, J., in Bank of Alex. v. Patton, 1 Rob. 499.
Presumption That Infant Has Come of Age.—Though the defendant was an infant when the action was instituted, yet as she did not set up her infancy to defeat the action, and as it may be reasonably inferred from the evidence that she was of full age when the cause was heard upon a demurrer to evidence, and appeared and defended herself by counsel, she is bound by the judgment. Staton v. Pittman. 11 Gratt. 99.
Where an infant defendant answers a bill by her guardian ad litem and the case is heard on such answer, if she afterwards appeals in her own name and her right to appeal is not questioned in the record, it is assumed that she has arrived at majority and her appeal will be allowed, though other adult defendants will not be allowed to appeal, where the bill was taken as confessed as to them and they made no motion in the lower court to reverse the decree, under Code W. Va. ch. 134, § 5. Bock v. Bock, 24 W. Va. 586.
C. SALE OF INFANTS’ LANDS.—See this subject in monographic note on “Guardian and Ward” appended to Barnum v. Frost, 17 Gratt. 398.
Jurisdiction of Equity.—Courts of equity have no inherent power to sell the lands of infants, and can do so only as statutes enable them to do so. Hoback v. Miller, 44 W. Va. 635, 29 S. E. Rep. 1014; Pierce v. Trigg, 10 Leigh 406; Faulkner v. Davis, 18 Gratt. 651.
Sales under Acts of Assembly.
When Valid.—An act of assembly for the sale of an infant's lands, not proved to have been obtained by fraud, is valid, when it enforces no new obligation, nor takes away any antecedent rights from the heir, whom it is intended to benefit by selling the lands upon credit and consequently more to his advantage. And the fact that a small excess is raised beyond the sum required, by the act, will not invalidate the sale, when it arises from unexpected amounts of land discovered upon the surveys, to be in the lots, in excess of the quantities called for in the leases. Spotswood v. Pendleton, 4 Call 514.
Conduct of Sale—A sale under an act of assembly may be either public or private and sales to tenants, who, before the lands were put up, agreed to give the prices contained in a previous contract made by the trustees, were good, as nobody bid against them. In such case the trustees may sell by agents. Spotswood v. Pendleton, 4 Call 514.
In Pursuance of Ancestor’s Contract.—Where there is a contract between the owners of realty that the survivor may sell it, a court of equity on the death of one may decree the specific performance of the contract, though the heirs of the deceased party are infants. It is not necessary in such a case, to proceed under the statute providing for the sale of infants’ lands, and though the surviving party to the contract undertakes to make a sale of the property by his own authority without seeking the aid of a court of chancery, yet, on a bill by the executrix and heirs of the deceased party to affirm the sale, the court may affirm the sale already made, if it appear proper, instead of ordering a new one. Goddin v. Vaughn, 14 Gratt. 102.
On a Bill to Marshal the Assets.—In a proceeding by the plaintiffs as simple contract creditors, entitled to marshal the assets, the court has author *254 ity to decree, at a proper time, a sale of the real estate in the hands of the infant heirs, so far as necessary, but it is premature to do so before ascertaining the amount of indebtedness chargeable upon the lands of the decedent. Cralle v. Meem, 8 Gratt. 496.
A Sale Not Compulsory on the Court.—On a bill to marshal the assets, a court of chancery is not bound to decree a sale of the lands of infant heirs, and if it appears that the debts can be satisfied within a reasonable time out of the rents and profits, a sale should not be decreed; but if a sale is decreed, the marshal must follow the directions of the decree; if he has good reasons for thinking the sale injurious to an infant defendant, he should make a special report to the chancellor. Tennent v. Pattons, 6 Leigh 196.
Sale In Lieu of Partition.—Under the section of the Code Va. 1887, § 2564, providing for the sale of infants’ lands if partition cannot conveniently be made, it must appear that partition cannot conveniently be made and also that the interests of the parties will be promoted by the sale. It is not necessary that these facts should appear from the report of the commissioners or by the depositions of witnesses. It is sufficient if the facts appearing in the record reasonably warrant the decree of sale. This is especially true when the proceeding is to defeat the title of an innocent purchaser. Zirkle v. McCue, 26 Gratt. 517.
Construction of Act for the Sale of Small Inheritances. —The statute providing for the sale of small inheritances was construed in Parker v. McCoy, 10 Gratt. 594, to apply to cases where the value of each heir’s share after partition was less than $300, even though the proportion of each heir in the pro. ceeds would exceed $300 if - the property were disposed of in a lump.
No Sale Can Be Had under a Bill for the Assignment of Dower.—When the single object of a suit in the county court is the assignment of the widow’s dower, but the court not only directs the dower to be assigned', but, apparently sua sponte, decrees a sale of the residue of the land, the heirs being infants at the time and the interest of each party by the record exceeds $300, Code Va. 1860, p. 581, § 3, such a decree is void for want of jurisdiction, and when the cause is afterwards removed to the circuit'court and the petition of the infants denying the jurisdiction of the county court is dismissed, the rights of the infants are not rendered res judicata by such decree of the circuit court. Seamster v. Blackstock, 83 Va. 232, 2 S. E. Rep. 36.
Green, J., in Hull v. Hull, 26 W. Va. 1, said: “My conclusion therefore is, that the court in this case, all the heirs being infant defendants, and the suit having been brought by the widow for an assignment of her dower, had no power to decree a sale of any of the lands, when the legal title of the lands was in the husband in his lifetime. And it was not proper for the court to decree the sale of any of the lands, which the husband had purchased and paid for in part during his lifetime: first, because there were no peculiar circumstances stated in the bill, which would justify such a decree of sale; and, second, because there was not a particle of proof, that the interest of the infant heirs would be promoted by a sale; and lastly, because there was no answer filed in the cause by their guardian ad litem, without which answer the court had no power or authority to sell any of the lands of these infants, whether their title to them was legal or only equitable."
Except Where Dower Is In an Equity of Redemption. A widow, who has dower in an equity of redemption may file a bill to have the land sold, though some of the heirs are infants. The fact that she prays for a certain investment of the proceeds, or asks for alternative relief, will not invalidate the proceedings as to the infant heirs. Daniel v. Leitch, 13 Gratt. 195.
The conclusion of Green, J., in Hull v. Hull, 26 W. Va. 1, was that in a suit by a widow for the assignment of her dower, the court might order a sale of the land even though the heirs were infants, where the husband had merely an eauitable title, e. g., an equity of redemption, or a contract entitling him to a deed upon the payment of the purchase money if the interests'of the infant heirs would be benefited thereby, since in these cases, the other party, mortgagee or vendor has a right to have the land sold. But where the husband had the legal title, e. g., if the land in the hands of the husband were subject to a vendor’s lien, the land cannot be sold even if to the advantage of the infants.
Sale Cannot Be Had on a Bill to Surcharge and Fal= sify a Guardian’s Account.—A sale or partition of infants’ lands cannot be procured by a bill filed by the infants by their next friend against their guardian to surcharge and falsify his account - and to have him removed. They must proceed under the statute, Va. Code 1873, ch. 124, §§ 2-8; Va. Code 1887, § 2616. Snavely v. Harkrader, 29 Gratt. 112.
Proper Parties.
Infants May Be Parties Plaintiff Instead of Defendant. —The fact that the infants are plaintiffs with their mother, instead of being made defendants, is no objection to the proceedings in a suit for the sale of their land. Quesenberry v. Barbour, 31 Gratt. 491.
“Those Who Would Be His Heirs if Infant Were Dead.”—"Where a bill is filed by a father and mother, who are trustees of certain lands for their infant children, to sell these lands, it is a sufficient compliance with § 2616, Code Va. 1887, providing that if there is an infant defendant, all those who would be his heirs, if he were dead, should be made parties, that the infants should be made parties defendant, their parents being already parties plaintiff, these being the persons who would be the heir of each infant if he were dead. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
Service of Process on Infants Not Necessary.—The practice of serving infant defendants with process after they are 14 years of age answers merely as a useful safeguard; but such service is not necessary and is practised only because the infant may furnish some aid in the selection and appointment of his guardian ad litem, and formerly he could not be appointed until the infant had in some manner been brought before the court, but that is no longer necessary. The acceptance of the guardian ad litem is also necessary, to be shown by filing or adopting an answer. Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291; Parker v. McCoy, 10 Gratt. 594.
In Condemnation Proceedings.—In condemnation proceedings under the statute, ch. 42, Code W. Va., it is not necessary for infant owners to be served with notice of the application ; but the court may so order. Charleston, etc., Bridge Co. v. Comstock, 36 W. Va. 263, 15 S. E. Rep. 69.
In Proceedings under Statute for the Sale of Small Inheritances.—Under the statute providing for the sale of small inheritances it is not necessary to *255 serve process on the infant defendants. Parker v. McCoy, 10 Gratt. 594.
Order of Publication.--Where infant defendants are proceeded against as nonresidents by order of publication, they can attack the validity of the decree by showing the falsity of the affidavit of their nonresidence in a direct proceeding for the purpose ; but they cannot attack it collaterally in another forum when the record states that they were nonresident. Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
Verification of Bill.—Tinder section 2616 of the Code Va. 188?', which provides that the bill filed to sell infants' lands shall be verified by the oath of the plaintiff, it is not necessary for the affidavit to show on its face that it was sworn to by the plaintiff, if that fact, is proved by the evidence, thopgh the former is the better practice. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
infant over Fourteen Must Fthe an Answer in Proper Person.--Where one of the infant defendants is oyer fourteen years of age, it is error for her not to file an answer in proper person. Code Va. 1887, § 2616; Cooper v. Repburn, 15 Gratt. 551.
Signature and Verification.- -Where the personal answer of an infant over fourteen years of age, required by the statute, though, in fact, neither signed nor sworn to by her, yet appears by the record to have been duly signed and sworn to by the infant: and it appears that the suit was brought at the solicitation of the infant, that she was twenty-one. six months after the suit was brought and sixteen months before the sale, and she made no obj ection to the confirmation of the sale, she is estopped from afterwards objecting to the sale on the ground that she had not signed or sworn to her answer. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
Presumption That Answer of Guardian Ad Litem Was Sworn to.—Though it does not appear that the answer of the guardian ad litem was sworn to, it will be presumed to have been done in accordance with the maxim, omnia praeswmuntur rite esse acta. Durrett v. Davis, 24 Gratt. 302.
Answer of Guardian Ad Litem Erroneously Purporting to Be That of infant by Guardian Ad Litem.—Where the answer filed by the guardian ad litem purports to be the infant’s by his gu ardían ad litem, but is signed by the guardian ad litem and is in fact his answer, it is tobe considered his answer. Durrett v. Davis, 24 Gratt. 302.
Substantial Compliance Sufficient.—Where the proceedings ior the sale of infants' lands are in substantial if not literal conformity with the requirements of the statute they are binding on the parties thereto and the sale made, under the decree rendered therein, is a valid sale and confers a good title on the purchaser. Quesenberry v. Barbour, 31 Gratt. 491.
Error Hust Be Palpable and Substantial.—Judge Staples, in Zirkle v. McCue, 26 Gratt. 517, in summing up the result of the Virginia authorities on the subject. said : "‘These extracts, and others that might be given, show, that while this court has never gone as far as the courts of other states in favor of purchasers at judicial sales, it has, on all occasions, manifested a very strong disinclination to interfere with the rights of such purchasers, unless upon palpable and substantial errors in the proceedings and decrees under which such titles are acquired.’'
West Virginia Doctrine—Answer ilust Be Fthed by the Guardian Ad Litem.—In a suit to sell infants’ lands there must be an answer filed by their guardian, and the court expressly disapproved of the extent to which the Virginia court had carried the presumption of regularity in the proceedings in Durrett v. Davis, 24 Gratt. 302, and other cases, and held a paper purporting to be an answer of thefguardian ad litem in which neither the name of the guardian ad litem nor that of'any of the infants appear and which is not signed by said guardian or any attorney in his behalf, no answer at all, and that the decree was void for want of jurisdiction. Hull w Hull, 26 W. Va. 1.
Infants Cannot Consent to a Decree.—Infant defendants are incompetent to consent to a decree of sale of their lands, and no one can consent for them. They can select no attorney and a guardian ad Idem to defend the infants cannot consent away their inheritance. Daingerfield v. Smith, 83 Va. 81, 1 S. E. Rep. 599; Cralle v. Meem, 8 Gratt. 496, 530.
Necessity for Construction of Will.- -The statute does not require as a prerequisite that the will under which infants hold lands shall be construed before a sale is ordered. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
Report of Commissioner. -The report of a commissioner upon an order of reference merely to take evidence as to the propriety of the sale of infants' lands, is not such a report as is required by the scat ute to lie ten days before being acted on, and the failure to do so will not affect the validity of the sale. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
Conduct of Sale.—Where the decree directs that the sale be made upon the premises, the commissioner acts irregularly in making it at a different place ; especially after advertising that it would be made on the premises. He should report to the court that it could not be made there for want of bidders, and obtain instructions for his future action. A sale having been thus irregularly made, as the purchasers could not enforce their contracts, if resisted by the parties in the cause, they ought not to be compelled to perfect them if they object. Talley v. Starke, 6 Gratt. 340.
Power of Commissioner of Sale.--Where a commissioner by one decree is authorized to sell the lands of infants and under a second decree is authorized to rent them out on such terms and for such time as. he may deem most advantageous to the estate, upon the termination of the lease it is not necessary for him to apply again to the court for authority to sell. Dixon v. McCue, 21 Gratt. 373.
Sales for Confederate Currency.—in view of the fact that confederate currency was the only currency in circulation in March 1863. all decrees pronounced for the sale of infants' property at so late aperiod of the war, and all judicial sales made under such decrees must be taken to be rendered and made for the currency which then constituted the only circulating medium of the country, unless such decree in plain terms directed otherwise. Walker v. Page, 21 Gratt. 636; Dixon v. McCue, 21 Gratt. 373.
Liens Should Be Ascertained.—The real estate of an infant should not be decreed for sale until the liens thereon are ascertained and fixed. White v. Straus (W. Va.), 35 S. E. Rep. 843.
Presumption When Records Have Been Destroyed.— Where the records have been destroyed, it will be presumed that the evidence was sufficient to satisfy the court that the interest of the infants would be promoted by the sale. Walker v. Page, 21 Gratt. 636.
Rights and Duties of Purchaser.—lee, J., in a dictum *256 in Parker v. McCoy, 10 Gratt. 594, said : “There are strong authorities to show that a fair purchaser under a decree will not be affected by any error or irregularities in the proceedings; he is not bound to go through all the proceedings and look into all the circumstances and see that the decree is right in all its parts. * * He cannot of course be protected against a title not in issue in the cause, nor against the claims of persons not parties to the cause, and therefore not bound by the decree ; but it would seem that he has the right to presume the court has taken the necessary steps to investigate the rights of the parties, and upon such investigation has properly decreed the'sale.” As, e. t/., the fact that a lot was omitted which would have raised the share of each heir above $300 and so takes the inheritance out of the statute allowing the sale of small inheritance.
It is the business of a purchaser at a judicial sale to see that all the persons who are necessary to convey the title are before the court, and that the sale is made according to the decree. But, “He will not be affected by error in the decree, such as not giving an infant a day to show cause, in cases in which a day ought to be given; or decreeing a sale of lands to satisfy judgment debts without an account of personal estate.” A fortiori he will nothe affected by any imperfection in the frame of the bill, if it contain sufficient matter to show the propriety of the decree. Daniel v. Leitch, 13 Gratt. 210.
Failure of Purchaser to Comply with the Terms of Sale.—When it does not appear that the purchasers were guilty of any fraud, imposition or other unfair conduct, and they purchased at a sale publicly and fairly made ; and complied with all the terms by the prompt payment of the first three instalments of the purchase money and when the fourth and last instalment became due, one of them was in the army and the other a prisoner in the federal lines, and the appellants sustained no loss or damage by the failure of said purchasers to comply with this part of the contract, the purchase will not be set aside. Dixon v. McCue, 31 Gratt. 373.
Payment to Unbonded Commissioner Good, Where Proceeds Are Lost without His Default.—Although no bond was given by the commissioner, before he proceeded to collect the purchase money for the land, yet, inasmuch as he was authorized by the decree, to collect the money as it fell due, and to pay it to the receiver of the court, in the event of the refusal of the parties to receive it, the money having been paid by the purchasers, and deposited by said commissioner in a bank, acting as receiver, to the credit of the cause, in consequence of such refusal of the parties interested, and said fund having been lost without the default of said commissioner, the purchasers cannot be in any manner prejudiced by his failure to execute the bond required by law and the payment to him is good. Dixon v. McCue, 21 Gratt. 373.
Position of Bona Fide Purchaser from Purchaser at Sale.—Where infants, on coming of age, attempt to show cause against a sale of their lands by alleging that, though a receipt was given, no money was in fact paid, and, their guardian and his sureties being insolvent, attempt to charge a purchaser for value and without notice from the purchaser at the sale; held, that the bona fide purchaser is not responsible. Pierce v. Trigg, 10 Leigh 406.
Bill to Confirm Sale.—Where, in a bill to confirm a sale of infants’ lands, there was an interlocutory decree, and the proceedings are irregular on their face, the bill not being sworn to, nor the purchaser made a party, nor it appearing that the testimony was taken in the presence of the guardian ad litem or on interrogatories agreed to by him, an appeal will not be allowed the infant on his coming of age, but plaintiff will be allowed to amend his bill in the above respects and if it shall appear that the sale was necessary under the facts existing at 'the time, and was fairly made and at full price it will not be set aside on account of such irregularities. Hughes v. Johnston, 12 Gratt. 479.
Infant Coming of Age or Harrying during Pendency of Suit.—Where an infant party to a suit comes of age or marries during the pendency of a suit for the sale of her lands, it is her duty to make the fact known to the court if she desires to become a party as an adult, and her husband must likewise communicate the fact of the marriage to the court if he wishes to become a party. If they fail to do so the validity of the subsequent proceedings cannot be impugned. Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251.
Presumption Is That They Continued under Disability.—When it is assigned as error that the decree ought to have been reheard because some of the parties had been proceeded against merely by the answer of a guardian ad litem, when, in point of fact they had come of age and hence were coram non judice, but it is not alleged when they came of age, the presumption is that they were still under disability when the decree of sale was entered, and, it not being alleged that they attained their majority within six months next preceding the filing of the petition, the assignment is bad. Woodson v. Leyburn, 83 Va. 843, 3 S. E. Rep. 873.
Effect of Sale on Character of Property.
Proceeds Remain Realty.—A judicial sale of land, as a general rule, converts it into personalty. But if land, belonging to an infant, be sold, under chapters 79 or 83 of the Code of West Virginia, 1891, the sale does not at once convert into personalty, but the proceeds remain realty until the infant comes of age, when they are to be regarded as personalty. Findley v. Findley, 42 W. Va. 372, 26 S. E. Rep. 433.
Until They Come into the Hands of Someone Sui Juris.—Where infants’lands are sold under a decree of court, the proceeds retain the character of realty and pass as real estate to her infant child and on its death during infancy, and the husband surviving, the property will go to the child’s heirs on the part of his mother, subject to the life estate of the husband; the impress of realty never having been removed. Code Va. 1887, § 2626; Vaughan v. Jones, 23 Gratt. 444.
Rights of Creditors in Resulting Fund Must Be Protected by the Decree.—The fund resulting from the sale of the lands continues charged with the debts which were chargeable on the land before the sale. Garland v. Loving, 1 Rand. 396.
Application of Proceeds to Infants’ Maintenance, etc. —Until the 19th day of March, 1873, there was no law in Virginia which permitted any part of an infant’s real estate to be appropriated to his maintenance, education, or support. On that day the legislature passed an act (Acts 1872-73, page 178), giving the circuit courts the power to apply the proceeds of his real estate, beyond the income, to the infant’s maintenance and education, and declaring that, to the extent such proceeds were so applied, and no further, they should be deemed personal estate. This court, in the case of Rinker & Wife v. Streit, 33 Gratt. 667-8, decided that this *257 act is not retroactive and that the order of the court for the sale of infants’ lands and application of the proceeds must be made anterior to the advancements or the court has no power to sanction it. Gayle v. Hayes, 79 Va. 542.
See note on “Guardian and Ward” appended to Barnum v. Frost, 17 Gratt. 398.
Obligation to See to the Application of the Purchase Honey - Where the power of sale is to pay debts generallj- and not according to a schedule, purchaser will not be obliged to see to the application of the purchase money. Spotswood v. Pendleton, 4 Call 514.
Where property was conveyed to a trustee to sell for cash or on credit, whenever he could obtain a fair price and to pay over the proceeds to certain infants on their respectively coming of age, a purchaser is not bound to see to the application of the purchase money, whether the sale is made before or after any of the cesticis <iue trustent come of age. Woodwine v. Woodrum, 19 W. Va. 67.
Effect of Confirmation.
Purchaser Can Only Demand a Good Title.—When a sale of infants’lands has been confirmed, the purchaser has no right to demand an absolute discharge from his purchase even if the title be defective; the utmost such purchaser can demand, is that he be discharged if the delect in the title cannot be remedied or be not remedied in a reasonable time. Daniel v. Leitch, 13 Gratt. 195.
Sale Beneficial to Infants Not Set Aside at Suit of Purchasers.—-Though a sale of infants’ lands is prematurely-made, yet if the sale is made and confirmed, the court will not set the sale aside on the petition of the purchasers, if, upon the hearing, it appears that the sale is beneficial to the infants. Cralle v. Meem, 8 Gratt. 496; Daniel v. Leitch, 13 Gratt. 195.
interlocutory Decree of Sale Should Be Set Aside by a Petition in the Cause.—Where the proceedings of sale and confirmation are interlocutory merely, au application by the purchasers to set them aside on the ground that they were disadvantageous to the infants, should be by petition in the cause, and if they proceed by a bill, the bill should be treated as such a petition and brought to a hearing with the original cause. Cralle v. Meem, 8 Gratt. 496.
Where Only Part of the Purchasers Object.—The appellate court having set aside the sale of certain parcels of the land at the instance of the purchasers, who were the appellants in the cause, and the grounds of the objection to the sale being such as the infant parties may make to all the sales, the court will set aside the whole decree confirming the sale of all the parcels, though the other purchasers are satisfied with their purchases, and are not parties to the appeal; and will send the cause back, for the court below to determine whether these last-mentioned sales ought to be set aside, or confirmed, with the consent of the purchasers, and for the benefit of the infant defendants. Talley v. Starke, 6 Gratt. 340.
Effect of Reversal of Decree on Purchaser’s Title before the Statute.—in a dictum in Durrett v. Davis, 24 Gratt. 302, Staples, J., said, “Whthe the question may be regarded as an open one in Virginia, to some extent, yet the tendency of opinion has been that the title falls with the reversal of the decree, except so far as the sale is within the influence of the statute.”
But in Hull v. Hull. 26 W. Va. 1, Green, J., approved the doctrine that if the court has j urisdiction of the parties and of the subject-matter, and the sale has been confirmed, the title of the purchaser will be protected independently of statute, but he acknowledged that the Virginia authorities had not gone so far.
Since the Statute.—where the sale was made more than six months after the date of the decree, and was duly confirmed, the purchasers are fully protected by the provisions of the 8th sec. of ch. 178, Code of 1860, Code of 1887, §3425, which declare, that if a sale of property be made under a decree or order of a court, after six months from the date thereof, and such sale be confirmed, though such decree or order be afterwards reversed or set aside, the title of the purchaser at such sale shall not be alfected thereby; but there may be a restitution of the proceeds of sale to those entitled. Dixon v. McOue, 21 Gratt. 373; Quesenberry v. Barbour, 31 Gratt. 491.
Where the sale was made less than three months after the date of the decree, the statute does not apply. Hull v. Hull, 26 W.Va.l.
Statute Applies to Sales of Infants’ Land.—§ 3425 of the Va. Code 1887, providing that the title of a purchaser at a judicial sale, made six months after a decree of court directing it, and duly confirmed, should not be affected by a subseciuent setting aside of such decree, applies to the judicial sale of infants’ lands had under proper proceedings for the purpose. Dancaster v. Barton, 92 Va. 615, 24 S. ifi. Rep. 251; Cooper v. Repburn, 15 Gratt. 551.
The fact that the sale is made by means of written proposals, made by those desiring to purchase, to the commissioner and by him reported to the court for acceptance and confirmation, works no exception to the statute, on the ground that the purchaser could not know whether his bid was accepted, before it was confirmed. Roeertson, J., dissenting on the ground that where the acceptance and confirmation are simultaneous, an opportunity for objection should be given. Cooper v. Repburn, 15 Gratt. 551.
Illustration.—Where one of the infants is over fourteen years of age it is error for her not to file a bill in proper person. Code 1887, § 2616. But a purchaser cannot ask that the sale be set aside on that account, after the confirmation of a sale made six months after a decree of court. 1 Rev. Code 1819, ch. 178, § 8; Code 1887, § 3425. The most that he could ask is that he should be protected against any future assertion of claim by the infant over fourteen years of age, which was effectually done by § 3425 of the Code. The court in its discretion might have ordered such answer to be filed, for the sake of regularity. Cooper v. Repburn. 15 Gratt, 551.
But Court Must Have Jurisdiction.--it was held in a dictum by Green, X. in Hull v. Hull, 26 W. Va. 1, that where no answer was filed by the guardian ad litem of infant defendants, the statute, declaring that the title of a purchaser should not be alfected by a reversal of the decree when the terms of the statute had been complied with, Va. Code 1860, ch. 178, § 8, then in force in West Virginia, W. Va. Code ch. 132. § 8, had no application, since the decree was void for want of jurisdiction in the court, the infants not being before the court, the court saying: “In order to protect a purchaser at a judicial sale of inianls’ lands, which has been confirmed, the court making the decree of sale must have competent jurisdiction over the parties whose lands are to be sold, if they hav‘e not, e. g., by reason of the failure of the guardian ad litem to file an answer, the decree will not protect a purchaser under it, and, if the decree is reversed, the title of the *258 purchaser will fall with it. Hull v. Hull, 26 W. Va. 1.
Everyone Bound with Notice of Want of Jurisdiction. —A purchaser from a purchaser under a decree, void for want of jurisdiction, willnotheregardedas a bona fide purchaser without notice. He is bound to know the want of jurisdiction in the case. Hoback v. Miller, 44 W. Va. 635, 29 S. E. Rep. 1014.
Rights of Purchaser under Void Decree, Who Has Paid Liens against the Land.—A purchaser of land under a void:decree, whose money has been applied to the payment of liens on the land, valid against the owner of the land, will be entitled to charge such money upon such land, by substitution to the right of the creditor, upon disaffirmance of the sale. Such purchaser may maintain a bill to enforce such right, and, as incident to his relief, make his bill a credit- or’s bill. Hull v. Hull, 35 W. Va. 155, 13 S. E. Rep. 49.
Validity of Safe Cannot Be Questioned in a Collateral Proceeding, if Court Had Jurisdiction.—The court having had jurisdiction of the case, being the sale of a trust estate in which infants were interested, under the statute, the validity and propriety of the decree for the sale of the land cannothe questioned in a collateral proceeding. Quesenberry v. Barbour, 31 Gratt. 491; Lawson v. Moorman, 85 Va. 880, 9 S. E. Rep. 150.
Exchange of Infants’ Lands.—An exchange of infants’ lands in 1884 could only be valid if made in accordance with the provisions of the Va. Code 1873, ch. 124, § 2, Va. Code 1887, §§ 2616, 2625, providing for the sale of infants’ lands; this statute must be strictly followed, and where, as in the principal case, the bill was filed by a person who was neither guardian, trustee nor anyone interested in the estate, and the trustee was not a party‘and the depositions were taken without a guardian ad litem for the infants, the sale is void, and is not validated by the subsequent act (Act 1887, p. 501) providing for exchange.
D. EFFECT OF DECEBES ON INFANTS.
Infant Defendants.—It is well settled that an infant, as a general rule, is as much bound by a decree against him as a person of full age. He is not permitted to impeach such decree, except on the same grounds as a person of full age might have impeached it, such as fraud, collusion or error. Zirkle v. McCue, 26 Gratt. 517; Harrison v. Wallton, 95 Va. 725, 30 S. E. Rep. 372; Pennybacker v. Switzer, 75 Va. 671, 688; Lafferty v. Lafferty, 42 W. Va. 785, 26 S. E. Rep. 263.
Absolutely Binding if Beneficial to the Infants.—Although it is a general rule that an infant defendant is not bound by a decree, if, when he arrives at age, lie can show error in it, yet, it seems that, where the decree is obviously for his benefit, his rights may be absolutely bound by it, as where the vendee is trying to set aside a sale, advantageous to the infant, on the ground that the infants are not bound. Harman v. Davis, 30 Gratt. 461; Brown v. Armistead, 6 Rand. 594.
Infant Plaintiffs.—An infant plaintiff is as much bound by a decree as an adult, if the decree is beneficial to him. Harman v. Davis, 30 Gratt. 461; Brown v. Armistead, 6 Rand. 594.
Consent Decrees against Infants Binding If Beneficial. —Although infants are incapable of consenting to a decree, it will be binding on them, if for their benefit, and if the infant plaintiffs are satisfied with the decree and seek to enforce it, the defendant cannot be released from it on the ground that it is not binding on the infants. Harman v. Davis, 30 Gratt. 461.
Otherwise if to Their Prejudice.—Where, in accordance with the provisions of sec. 53, ch. 167, Code Va. 1873, a cause, in which there are infant defendants, is submitted to the court by consent of all parties (the infants being represented by guardian ad Uteni) and a decree beneficial to the infants is rendered, on a bill of review filed by the infants on-coming of age, such decree will not be set aside on the ground that infants cannot consent; aliter if the decree were to the prejudice of the infant. Morriss v. Va. Ins. Co., 85 Va. 588, 8 S. E. Rep. 383.
A Fortiori if Infants Are Not Consulted.—Where land, subject to a deed of trust, descends on the heirs," some of them being infants, a court of equity has no authority to decree a conveyance of the interests of the infant heirs, in accordance with a compromise to which they are not parties, and as to which they were not consulted, to the grantees of the deed of trust in satisfaction of the debt, although the transaction enures to the benefit of the infants; but if the infants think proper to set aside the transaction, their interest will in the end be subjected to the payment of a proportional amount of the debt secured by the deed of trust. Tracey v. Shumate, 22 W. Va. 474.
Attorney of Opposing Interest Cannot Consent for Them.—The attorney for parties whose interests are adverse to those of infant parties, will not be allowed to consent to a decree in behalf of the infants. Walker v. Grayson, 86 Va. 337, 10 S. E. Rep. 51.
Submission by Infants to Arbitration' Not Binding.— Although infants are bound by judgments had under the superintendence and protection of the court, yet, where the case is referred to arbitrators, whereby they are deprived of that protection, a submission by infants, even by rule of court, ought not to be sanctioned. For, as awards are in the nature of judgments, and are to be final and conclusive, which cannot be, where one party has a right to avoid them, it follows that a submission by infants, although with adults, cannot be obligatory on either party. Britton v. Williams, 6 Munf. 453.
Infant Must Formerly Have Been Given a Day to Show Cause.—It was error to decree against an infant, without giving him a day, after he came of age, to show cause against it. The proper form was -as follows: “And this decree is to be binding on the said infant, unless he shall, within the time of six months after he shall attain his age of twenty-one years (being served with process for that purpose), show unto this court good cause to the contrary.” The process is by way of subpcena to be served on the defendant on his coming of age. If he shows no cause the decree is made absolute upon him. But if he comes forward to show cause, he may put in a new answer and make a new defence. Tennent v. Pattons, 6 Leigh 196.
Applied to Suits for Partition.—The right of an infant to a day in court applied as well to suits for partition as to other suits. Zirkle v. McCue, 26 Gratt. 517.
When Unnecessary.— Whenever an infant was decreed to do an act, he must have six months, after full age, allowed him to show cause against the decree, as where he was foreclosed. But, where lands were decreed to be sold for the payment of debts, there was no necessity to allow a day, unless he was decreed to join in the conveyance, as the commissioners of sale would execute the deed. Wilkinson v. Oliver, 4 H. & M. 450.
Interlocutory Decree Need Not Give the Infant a Day. —But where the decree was interlocutory it was not *259 necessary to give the infant a day to show cause, as this omission might be cured later. Pickett v. Chilton, 5 Munf. 467.
Remedy, Where No Day Was Given.—-For such error he might seek redress against the decree, without waiting till he came of age, and he might do this either by bill of review, rehearing, or by original bill, alleging specially the error of the former decree. Tennent v. Pattons, 6 Leigh 196; Jackson v. Turner, 5 Leigh 127; Braxton v. Lee, 4 H. & M. 376. And the leave of court was not necessary to lthe a bill of review in such a case, and if refused, an appeal would lie to the court of appeals. Lee v. Braxton, 5 Call 459.
NotNecessary in Any Case Since Revisa! of 1850.— Since the revisal of 1849 and ’50 it is unnecessary to insert in the decree a provision allowing the infant a day to show cause, but in any proper case he may, within six months after he arrives at maturity, show such cause in like manner as if the decree contained such provision. Zirkle v. McCue, 26 Gratt. 517; Code Va. 1887, § 3424; Code W. Va. ch. 132, sec. 7; Blackwell v. Bragg, 78 Va. 529; Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. Rep. 262; Alexander v. Davis, 42 W. Va. 465, 26 S. E. Rep. 291.
No “Tacking” of Disabilities Allowed.—One disability cannot be “mounted” upon another, so as to bar the running of the statute of limitations, so that if an infant feme marries before coming of age, she will have only six months after coming of age, in which to show cause against a decree against her. Blackwell v. Bragg, 78 Va. 529; Parsons v. McCracken, 9 Leigh 495.
Infant Hay Show Cause before He Comes of Age.— Section 3424 of the Code allowing an infant, within six months after he becomes of age, to show cause against a decree or order in certain cases, does not prevent him from asserting his rights, whilst an infant, by a next friend as soon as he sees fit to do so. Harrison v. Wallton, 95 Va. 723, 30 S. E. Rep. 372; Lockhart v. Vandyke, 97 Va. 56, 33 S. E. Rep. 613.
Causes Which an Infant May Show.—Christian, j., in Walker v. Page. 21 Gratt. 636. said : “Certainly the infant, upon arriving at age, can show no such cause as this, i. e.. that the sale was made for confederate money, to entitle him to vacate a decree made against him while an infant. He may show error upon the face of the record; or he may show that the court had no jurisdiction to enter the decree; or if it had jurisdiction, that the proceedings were irregular and not binding upon the parties; or he may show that the case made by the record did not warrant the decree. But whatever cause he ma3r properly show, he certainly cannot reopen the case, and introduce evidence to contradict that already given and acted upon by the court that entered the decree. If the court which pronounced the decree had jurisdiction of the subject and the parties; if its proceedings were regular and in accordance with the requirements of law; and the decree is sustained and justified by the evidence then introduced, the infant will not be allowed, as against a tona fide purchaser, to go out of the record to show that, upon facts and eventsarising subsequent to the rendition of the decree, his interests were not promoted by a sale of his real estate.
“To establish a contrary doctrine would in effect defeat the very object of the law. and effectually prevent the sale of any real estate belonging to infants.” Lancaster v. Barton, 92 Va. 615, 24 S. E. Rep. 251; Durrett v. Davis, 24 Gratt. 302; Zirkle v. McCue, 26 Gratt. 517; Hughes v. Johnston, 12 Gratt. 479; Frazier v. Frazier, 26 Gratt. 500.
Given as a Shield to Infants, Not as a Sword.—The privthege given to infants to show cause against a decree, i^s given to enable them to set aside that which is done to their prejudice and not to overthrow what has been justly done, because of some technical objection to the proceedings. But if relief can be given without disturbing a sale rightfully had under a decree, it will be given as where the land was sold for an inadequate price on account of supposed incumbrances; the difference between the price paid and a fair price will be decreed to be paid for the benefit of the infants. Pierce v. Trigg, 10 Leigh 406.
Proper Proceedings to Show Cause.—“The Infant, if his cause against a decree be error of law in the case, may proceed by bill of review, or supplemental bill in the nature of a bill of review, showing error of law ; and in such bill of review, I do not think the infant would be confined to merely such matters, to show error, as appear on the face of the decree, as in ordinary cases; and he need not have leave of court to file it, as in ordinary cases of bill of review. He may proceed by original bill, not only for fraud, but for error of law. He may proceed by petition, which is but another name for a bill. He may introduce new matter against it, so it existed at the date of decree. He is given the broad right to show cause against it, and under any of these pleadings he is given relief coextensive with the right.” Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. Rep. 262; Ewing v. Winters, 39 W. Va. 489, 20 S. E. Rep. 572. On an application to show cause against a decree, for error of law, the court of appeals can look into the pleadings and evidence, just as on an appeal, in order to see whether there is error. Lafferty v. Lafferty, 42 W. Va. 783, 26 S. E. Rep. 262.
Court of Appeals Has No Jurisdiction.—But an in fant cannot file his petition under sec. 7, ch. 132, Code W. Va. in the court of appeals, since that court has no original jurisdiction in such a case. Ewing v. Winters, 39 w. Va. 489, 20 S. E. Rep. 572.
Interlocutory Decrees.—Where an interlocutory decree has been rendered against an infant, he will be allowed upon coming of age, to amend his answer upon notice. Winston v. Campbell, 4 H. & M. 477.
Decrees Absolutely Binding on Infants.
Decree under Statute for the Sale of Small Inheritances.—In Parker v. McCoy, 10 Gratt. 594, it was held that the sale of the lands of infant heirs, where the dividend of each heir, in the opinion of the court should not exceed the value of $300 is one of those special cases in which, by statutory provisions, authority is given to the court, for special reasons, to order the immediate conveyance of an infant’s estate and in which he is bound by the order, and entitled to no day, after he attains his age, to show cause against it. Lke, J., extends this doctrine, in a dictum, to the statutory provisions for the conveyance of estates vested in infants, in trust or by way of mortgage, also for making or taking on behalf of an infant, the surrender of a former lease, or the making or taking a new one. The fact that the decree gives the infant his day makes no difference; such order is void.
Judgment of the Board of Commissioners. —By the Act of Assembly, Chanc. Rev. 93 (May, 1779, ch. 12, 10 Stat. Larg. 35, 42-6), the judgment of the board of commissioners, is conclusive even on an infant *260 when he sues by his next friend, and cannot he impeached. Stephens v. Cobun, 2 Call 440.
E. WAIVER BY INFANTS.
Attorney of Infants Cannot Bind Them by His Waiver.—Where infants sue in equity by 3,-procheiti ami to compel an administrator to settle his accounts as administrator of an estate in which they are interested as distributees, and suchprochein ami employs an attorney to represent their interests, such attorney cannot bind the infants by an agreement signed by himself or by another attorney authorized by him, to waive proof of the vouchers and accounts presented by such administrator in the settlement of his administration accounts, or to allow commissions to such administrator which are not allowed by statute. Crotty v. Eagle, 35 W. Va. 143. 13 S. E. Rep. 59.
No Waiver by Adult Codefendant Binding on Infant. —Where the record does not show that the summons was ever served on an infant defendant, though this defect be waived by an adult defendant, it cannothe held to have been waived by the infant, when no guardian act litem has been appointed for him. Hays v. Camden, 38 W. Va. 109, 18 S. E. Rep. 461.
Presumptive Admissions Do Not Apply to Infant Parties.—The rule, that, “where exceptions are taken to certain parts of a commissioner’s report, the other parts, not excepted to, are admitted to be correct both as regards the legal principles and the evidence on which they are based,” can only apply to adult parties, and not to infants. Kester v. Hill, 46 W. Va. 744, 34 S. E. Rep. 798.
Likewise the rule that the plaintiff having fathed to file exceptions to the commissioner’s report before the cause was taken to the supreme court, admits that the portions of the report to which they afterwards file their exceptions are correct, does not apply to infant plaintiffs, since, as infants, they can admit nothing and the court may receive exceptions to the report. Kester v. Hill, 46 W. Va. 744, 34 S. E. Rep. 798.
F. STATUTE OF LIMITATIONS.
Saving in Favor of infants.
Rights to Personal Property.—Persons claiming rights of personal property, being under disability of infancy or coverture when their rights accrue, may prosecute any remedy in equity they are entitled to, by prochein ami, at any time while the disability continues, no matter how long; or, in their proper persons, within five years after the disability removed; the right to such remedy being within the saving of the statute of limitations, 1 Rev. Code, ch. 128, § 12; Code 1887, § 2931. Hansford v. Elliott, 9 Leigh 79; Hudsons v. Hudson, 6 Munf. 352; Mortimer v. Brumfield, 3 Munf. 122.
Where by a marriage settlement property is conveyed to the use of the wife, and, after her death,' to the use of the husband, and on his death to the use of the children of the marriage, if the parents are deprived of the property in their lifetime, the statute of limitations does not begin to run against the children till they reach twenty-one, since their right does not vest till the death of their parents. Baird v. Bland, 3 Munf. 570.
Right to Make Entry on, or Bring Action for Realty. —The statute, allowing an infant to make entry or bring action within ten years after the removal of the disability of infancy, notwithstanding the : fifteen years’ limitation may have expired, Va. Code 1873, ch. 146, §§ 4 and 5, Va. Code 1887, § 2917, does not curtail the time allowed the infant for the as- . sertion of his right from ten to fifteen years, but' enlarges this time, giving him fifteen years in any event, and ten years after disabililty removed, in which "to bring the action, and "it is immaterial which period shall first expire. Birch v. Linton, 78 Va. 584.
When Not Applicable to Action of Ejectment.—The saving in favor of infants, married women or insane persons in the 36th section of ch. 135 of the Code 1873, Code 1887, § 2757, in relation to actions ofejectment does not apply to actions of ejectment, brought by the lessee to recover possession of the leased premises, which had been recovered by the landlord under the 16th section of ch. 138 of the Code 1873, Code 1887, § 2796 that “any person having a right of re-entry by reason of rent being in arrear may serve a declaration in ejectment on the tenant, etc.,” when the lessee was an infant when the premises were recovered. Leonard v. Henderson, 23 Gratt. 331.
Probate of Wills in Which Infants Are interested.— Under the Rev. Code of 1819, vol. 1, ch. 104, § 13, one who was an infant when a will was probated had seven years after the removal of his disability to contest its validity, the Code 1849, ch. 122. § 35, allows him one year; this latter provision is held retroactive and applicable to a will probated in Code 1840, § 18, ch. 149, not applying, so that an infant who comes of age in 1856 cannot file a bill in 1859 to contest its validity. Bkown, J„ dissenting. McClintic v. Ocheltree, 4 W. Va. 249.
Right of Redemption.—If real estate is sold for the nonpayment of taxes thereon, and the right of redemption, under the.statute, belongs to, or accrues to an infant by reason of title vested, whether before or after the sale, such right may be exercised in behalf of such infant during infancy, and by himself personally within one year after he becomes twenty-one years of age. White v. Straus (W. Va.), 35 S. E. Rep. 843.
Where Land Was Improperly Listed.—The land of an infant being, by mistake, listed by the commissioner of revenue as the property of another person, and sold, as such, for taxes, in December, 1786 ; being bought by the deputy sheriff, who sold it; conveyed to him by the high sheriff in February, 1795 ; and afterwards sold by the deputy sheriff; the right of the infant was established against the last purchaser (who bought with full notice of all the circumstances) ; notwithstanding the suit was not brought until six years after plaintiff attained his" full age, Judge Tuckeb saying that he was of opinion that a court of equity was the proper place of resort to set aside the deed. Va.cey v. Hopkins, l Munf. 419.
Running of Statute Not Stopped by Supervening In» fancy.—If the possession of defendant began in the lifetime of the plaintiff’s ancestor, the statute will run over all mesne acts, such as the supervening infancy of plaintiff. Hudsons v. Hudson, 6 Munf. 352; Fitzhugh v. Anderson, 2 H. & M. 289; Parsons v. McCracken, 9 Leigh 495.
: . . If, after the right of action has accrued and the statute of limitations has begun to run, an ousted cotenant dies, leaving infant heirs, the statute continues to run, and their rights are barred, notwithstanding their disability, in the same number of years as would bar their ancestor. They do not inherit the land, but a mere limited right of action, with days already numbered ; and, unless they or their friends take the necessary legal steps to save the same within the period fixed by statute, their *261 right of action is forever lost. Talbott v. Woodford (W. Va.), 37 S. E. Rep. 580; Wilsons v. Harper, 25 W. Va. 179.
Construction of Statute.—Under the provisions of Sess. Acts 1836-7. p. 11, § 10, that entry on lands must be made within seven years after s uch right accrued, saving to such as are infants, etc., when such right accrued and his or her heirs, three years after the removal of such disability; if such a right accrued to a feme covert, on her death, her heirs, though infants, must assert their right within the three years allowed to the heirs of persons under disabilities and are not to be regarded as infants “at the time when such right accrued to them” so as to entitle them to three years after the removal of their disability. Caperton v. Gregory, 11 Gratt. 505. See Code 1887, § 2917. affirming this doctrine.
Application of Laches to Infants Whthe Infancy Continues.—It is true that delay in the assertion of a right, unless satisfactorily explained, operates in equity as evidence of assent, acquiescence or waiver; and laches and neglect are always discountenanced by a court of equity. Yet an infant or lunatic ought not to be prejudiced because of the failure of a next friend to institute a suit, if such suitis brought promptly after there is some one, upon whom the law imposes the obligation to guard the interest of the infant or lunatic. Knight v. Watts, 26 W. Va. 175.
After Termination of Infancy.—Delay in the assertion of a right, unless satisfactorily explained, even when it does not constitute a positive statutory bar. operates in equity as an evidence of assent, acquiescence or waiver; and especially is such the rule in suits to set aside transactions on account of infancy. Trader v. Jarvis, 23 W. Va. 100.
G. POWERS OF A COURT OF CHANCERY, ELECTION.
Infant Cannot Elect.—An infant cannot make a binding election to take land instead of money to which she was entitled and which has been invested in the land. Shanks v. Edmondson, 28 Gratt. 804.
Neither Guardian nor Trustee Can Elect for Him.—An infant is incapable of making an election, nor can his guardian or trustee elect for him. Carr v. Branch, 85 Va. 597, 8 S. E. Rep. 476.
Court of Chancery May Elect for Him.—Where land is devised to be sold, and the proceeds paid to an infant, the infant has an election to take the land or money; and if his guardian sells the land and the vendee has notice of the trust, and the sale does not appear to be advantageous to the infant, a court of equity can elect for him, and bind him by such election. Turner v. Street, 14 Am. Dec. 792, 2 Rand. 404; Carr v. Branch, 85 Va. 597, 8 S. E. Rep. 476.
Cc urt of Chancery May Appoint Another Trustee for Infant Cestui Que Trust.—The only trustee appointed by a will to manage the estate of infants having died, and there being no provision in the will for the appointment of a successor, a court of equity will appoint one. Dunscomb v. Dunscomb, 2 H. & M. 11.
Powers over Estate of Infant Cestuis.—In Markham v. Guerrant, 4 Leigh 279, Cabell, J., and Tucker, P., concurred in the opinion of CAiut, J., holding that the prospective profits of property conveyed to a trustee for the support of a family could only be charged for necessaries, even by authority of a court of chancery, with the express proviso that such decision did not deny the power of a court of chancery to authorize the sale of personal property of infant cestuis que trustent in cases where such sale should be absolutely necessary for their support.
Power of County Courts.-In 1872 the county courts had power to authorize a trustee of infants’ personalty to execute a mortgage thereof to secure a loan, effected in order to free it from liens. Carr v. Branch, 85 Va. 597, 8 S. E. Rep. 476.
VI. SUCCESSION TO INFANT’S ESTATE.
Underthe Actof 1792.—Under the 5th, 6th, and 7th sections of the Act of 1792, “to reduce into one the several acts directing the courseof descents,'’where an infant, having title to real estate of inheritance derived by purchase or descent immediately from the lather, dies without issue, and with no brother or sister, or descendant of either; the father being dead, but the mother living; the right of inheritance is not in abeyance, but goes in parcenary to the brothers and sisters of the father, or their lineal descendants; neither the mother nor any issue she may have had by any person other than his father can inherit any part thereof: and, vice versa, such estate being derived immediately from the mother ; and she being dead, but the father living, it goes in parcenary to the brothers and sisters of the mother, or their lineal descendants. Templeman v. Steptoe, 1 Munf. 339; Tomlinson v. Dillard, 3 Call 105; Addison v. Core. 2 Munf. 279; Dillard v. Tomlinson, 1 Munf. 183.
The personal estate belonging to an infant will follow the same rules of distribution and go to the same persons as the realty. Tomlinson v. Dillard. 3 Call 105; Dillard v. Tomlinson, 1 Munf. 183.
The true construction of the 7th section oi the act of 1792 “reducing into one the several acts directing the course of descents,” as to the case of an infant, is, that if there be no mother, etc., and the estate was derived from the father or mother, the inheritance shall not be divided into moieties, but the whole shall go to the kindred of that parent from whom the estate was derived. Addison v. Core, 2 Munf. 279.
The Grandmother Excluded.—Under the 5th section of the Act of Descents of 1792, where an infant died without issue, having title to certain rea] estate derived by descent immediately from the father; leaving no relations in the paternal line, but a grandmother and uncle, the grandmother was not,entitled to inherit any part of such estate, but the paternal uncle was entitled to the whole. But see Rev. Code of 1819, ch. 96, sec. 11, 12, vol. 1, p. 356; Liggon v. Fuqua, 6 Munf. 281.
Profits Follow the Corpus of the Estate. -The profits of the estate of an infant dying intestate (including the increase of slaves) accruing to such infant in his lifetime but not applied to his use or otherwise lawfully disposed of ought to go to the person inheriting such estate generally. Dillard v. Tomlinson, 1 Munf. 183.
Acts Do Not Apply Where Property Is Not Derived Immediately from Father to Mother.—But neither the mother nor her issue is excluded, where the property is derived, not immediately, but by intervening succession, from the father. Dillard v. Tomlinson, 1 Munf. 183.
Present Statute.—Under the present statute the real estate of an infant dyingwithout issue under twenty-one passes to his heirs on the part of the parentfrom whom the estate was derived. Vaughan v. Jones, 23 Gratt. 444; Code Va. 1887, § 2556.
VH. ESTOPPEL.
Estoppel Binding on Infants but Mere Sthence Not Sufficient.— Brannon, J., said obiter in Williamson v. Jones, 43 W. Va. 562, 27 S. E. Rep. 411, that, by the *262 weight of authority, an infant of years of discretion, toy intentional fraudulent misconduct, sufficient to raise an estoppel, if unconnected with contract, will toe barred, under the doctrine of estoppel in pais, from asserting his title to either real or personal property against one misled thereby. But it was held in that case that mere sthence or acquiescence would not toe sufficient.
VIII. COMMITMENT OF INFANT TO REFORMATORY.
Under the general provision of the statute (Acts 1895-96, p. 658), the hustings court has power, in its discretion, to commit the accused to the Prison Association toefore conviction, and the proviso only limits that power in the case of those minors who have a parent or legal guardian to consent; in such cases, their consent must toe obtained in order to commit toefore conviction. Where it appears, however, as in the case at bar, that there is neither parent nor legal guardian to consent,, the general provision of the act prevails, and the court has authority, in its discretion, to commit toefore conviction. Napier v. Prison Ass’n, 95 Va. 431, 28 S. E. Rep. 598.